Robert L. GOBLE and V. R. Cherry, Chouteau Superintendent of Schools, Plaintiffs in Error,

v.

**MAZIE DEPENDENT SCHOOL DISTRICT D-32 et al., Defendants in Error.**

No. 45104.

Supreme Court of Oklahoma.

Aug. 25, 1971.

Rehearing Denied Sept. 2, 1971.

Ernest R. Brown, Pryor, and Sterling N. Grubbs, Cushing, for plaintiffs in error.

Houston, Klein & Davidson by R. L. Davidson, Jr., John E. Robertson, Tulsa, for defendants in error.

WILLIAMS, Justice:

In this appeal the two questions presented are, in the instance where an independent school district annexes itself to a dependent school district not maintaining a high school, whether the three man board of education of the dependent district survives the annexation as the sole valid governing board of the new combined district, and, if the board of the dependent district does not survive the annexation, whether the Governor appoints three members to a new board of education for the combined district, with these three new members in turn appointing two others to constitute the required five man board of education for the new district maintaining a high school.

In March, 1971, Chouteau Independent School District No. I-6, Mayes County, an-

nexed itself to Mazie Dependent School District No. D–32, Mayes County. Subsequent to this annexation becoming final, the dependent district and the individual members of its board of education, defendants in error herein, instituted a proceeding in the district court seeking a determination that the Mazie board of education survived the annexation as the sole governing board for the new combined district. The trial court found that the dependent board had survived as the valid governing board and entered its judgment accordingly. From this judgment, Robert L. Goble, clerk of the Chouteau board of education, and V. R. Cherry, Chouteau school superintendent, have appealed.

In 1941, the Attorney General rendered an opinion advising the State Board of Education that where a dependent school district becomes by operation of law an independent school district, the old board of education ceases to exist and the majority of the new board is appointed by the Governor. Relying upon the principles stated in the 1941 opinion, the Attorney General in 1959, issued his opinion stating that where an independent school district annexes to a dependent school district not maintaining a high school, and after the annexation the new combined district maintains a high school, there is created a new board of education which replaces the former board of the dependent school district. The opinion also stated that three of the five members of the newly created board were to be appointed by the Governor, with these three filling the remaining vacancies. This latter opinion was followed in an opinion of the Attorney General rendered to the Governor on August 6, 1969, and numbered No. 69–266.

In the record filed herein it has been stipulated that since March 8, 1968, in Oklahoma there have been twelve annexations of independent school districts to elementary dependent school districts (i. e. not maintaining high schools) and that in each instance the Governor has appointed the majority of the members of the new board of education for the resulting combined school district.

Defendants in error recognize the above summarized opinions rendered by the Attorney General but contend the opinions are not based upon case law or statute. It is further contended that in all other types of annexation proceedings, i. e. an independent district to an independent district, a dependent either maintaining or not maintaining a high school to an independent, an independent or dependent to dependent maintaining a high school and a dependent to a dependent, the surviving district and board of education is the one to which the additional area is annexed. Defendants in error argue that as all types of annexation are controlled by the provisions of 70 O.S. 1961, § 7–1, the surviving district and board of education where an independent annexes to a dependent not maintaining a high school must also be the one to which the additional area is annexed. However, this argument does not recognize that in the latter type of annexation the situation is involved where the district annexing has a required board of education larger than that of the district to which it is annexing and where the board of education of the resulting combined district (if the district continues to maintain a high school) must be increased in size.

■ It is apparent from the opinion of the Attorney General and the reliance thereon by the State Board of Education and the county school superintendents that for many years the statutory annexation provisions have been interpreted to require, in an instance such as involved herein, the creation of a new board of education, the majority of whose members are appointed by the Governor. During this long period of time, the Legislature has convened many times and has not modified the construction. In such event, silence by the Legislature may be regarded as acquies-

cence or approval of the interpretation placed upon the provisions by the Attorney General. Peterson v. Oklahoma Tax Commission, Okl., 395 P.2d 388 (1964).

Furthermore, it is to be noted that the Oklahoma School Code passed by the Legislature in 1971 (H.B. 1155) but not in effect at the time of the annexation involved herein, provides that if an independent district annexes to a dependent district not maintaining a high school, both boards of education are abolished and the Governor appoints the majority of the members of the board of the newly formed district. (However, the 1971 School Code does allow the district to which the additional area is being annexed to conduct, under certain circumstances, an election concerning the annexation.)

In Tryon Dependent S.D. No. 125 of Lincoln Cty. v. Carrier, Okl., 474 P.2d 131 (1970) we noted that after the annexation of an independent school district to a dependent school district had become final, the dependent district was no longer a school district. Although we noted there that the adjudication of the composition of a new school board was not before the Court, it is our present opinion it logically follows that, in such cases, if the dependent district is no longer in existence, neither is its board of education.

■ It is our opinion, and we hold that when an independent school district annexes to a dependent school district not maintaining a high school, both boards of education cease to exist and a new board is created, the majority of the members of which are to be appointed by the Governor, with these appointees filling the remaining vacancies.

The judgment of the trial court is reversed.

DAVISON, V. C. J., and JACKSON, IRWIN, HODGES and McINERNEY, JJ., concur.