PROFESSIONS AND OCCUPATIONS
Members of the Oklahoma Real Estate Commission may legally be paid compensation for their days of travel immediately before and after an actual meeting day if such travel is required due to the distance between the member's residence and the location of the meeting. The Attorney General has considered your request for an opinion wherein you ask the following question: "May members of the Real Estate Commission be legally paid compensation for their days of travel immediately before and after an actual meeting day if such travel is required due to the distance between the member's residence and the location of the meeting?" Title 59 O.S. 858-203 [59-858-203] (1976) provides as follows: "Each member of the Commission shall be entitled to receive as compensation for his service the sum of twenty-five dollars per day while in actual discharge of his duties for the Commission. He shall further be entitled to receive travel expenses essential to performing the duties of his office, within statutory maximums." An opinion issued by the Attorney General on April 25, 1955, to the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges is dispositive of your question. In the 1955 opinion the following question was asked: "Is a member of the Board of Regents entitled to the $10.00 Per Diem rate only for the day or days of a particular meeting; or is a member of the Board entitled to a Per Diem rate for the days or part thereof when in an official travel status from his domicile to place of Board Meeting, together with the time consumed for Board Meeting, and return to his domicile? (For example: When a member lives at a point in the state that it is necessary for him to leave his domicile the day before in order to arrive at the proper time for the meeting.) In answering the question, the Attorney General stated: "70 O.S. 1310.3 [70-1310.3] (1951) (which was enacted in 1945, and which refers to the members of the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges and all agricultural and mechanical schools and colleges maintained in whole or in part by the State, created by Article VI, Section 31a, of the Constitution of the State of Oklahoma) provides that: " 'In attending meetings of the Board,' "each of the appointed members of the Board shall receive " 'the sum of $10.00 per diem,' "'their actual traveling expenses and hotel bills' "to be approved by the Board and paid in the manner provided by law." In response to said question, the Attorney General answered: ". . . under the provisions of 70 O.S. 1310.3 [70-1310.3] (1951), appointive members of the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges are entitled to compensation, in connection with attending meetings of said Board, in the sum of $10.00 for each calendar day actually necessarily involved in going from his home city or town to the place of meeting, attending such meeting, and returning to his home city or town, rather than compensation at the rate of $10.00 per day for such time, or only $10.00 for each day on which said Board meets." No later Attorney General's Opinions or court decisions overruling his opinion have been found. In the case of Gobel v. Mazie Dependent School District,488 P.2d 156 (1971), the court considered a situation in which the State Board of Education had been relying on Attorney General Opinions from 1941 and 1959. In that case the court held: "It is apparent from the opinion of the Attorney General and the reliance thereon by the State Board of Education and the county school superintendents that for many years the statutory annexation provisions have been interpreted to require in an instance such as involved herein, the creation of a new board of education, the majority of whose members are appointed by the governor. During this long period of time, the legislature has convened many times and has not modified the construction. In such event, silence by the legislature may be regarded as acquiescence or approval of the interpretation placed upon the provisions by the Attorney General. Peterson v. Oklahoma Tax Commission, Okl.,395 P.2d 388 (1964)." In the instant situation, twenty-two years have passed and the legislature has not enacted legislation to overrule the Attorney General's 1955 Opinion, nor have any court decisions overruled said opinion. Therefore, the decision of the court in Gobel, supra, is controlling in that the 1955 Attorney General's Opinion, which is hereby affirmed, is dispositive of your question. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Members of the Oklahoma Real Estate Commission may legally be paid compensation for their days of travel immediately before and after an actual meeting day if such travel is required due to the distance between the member's residence and the location of the meeting. (AMALIJA J. HODGINS)