MOTOR VEHICLES
The date of purchase is the controlling date in determining registration fees for automobiles and farm trucks only because the Legislature did not alter the administrative construction placed upon the prior 47 O.S. 22.13 [47-22.13] by Opinion of the Attorney General No. 68-179 when they passed Senate Bill 432. The Attorney General has received your request for an opinion wherein you ask the following questions: "1. Is the date of purchase the controlling date for determining registration fees for all vehicles ? "2. If the answer to our first question is negative or qualified, then please advise the manner of determining the controlling date for determining registration fees for each of the separate vehicle classifications established by the motor vehicle code." Prior to 1977 and pursuant to Opinion of the Attorney General No. 68-179, dated June 14, 1968, the date of registration was the controlling date as to the amount of license and registration fees which the purchaser of a new vehicle in Oklahoma should pay when the vehicle is registered within ten days from the date of purchase. This Opinion was based upon 47 O.S. 22.13 [47-22.13] (1961), which provided as follows: "On the registration of new vehicles purchased in this State and on new or used vehicles used in this State or brought into this State by residents of this State between January 1st and March 31st, inclusive, of any year, the payment of the full annual fee shall be required; and between April 1st and June 30th, inclusive, of any year the payment of three-fourths (3/4) the annual fee shall be required, and between July 1st and September 30th, inclusive, of any year, the payment of one half (1/2) the annual fee shall be required, and between October 1st and December 10th, one-fourth (1/4) the annual fee shall be required, provided that license plates for each year shall be made available on December 11th of each preceding year; and any person who purchases a new vehicle between December 11th and December 31st of any year shall register it immediately and obtain license plates for the following calendar year upon payment of the full annual fee. "In the event a new vehicle is not registered on the date purchased, and in case a used vehicle is brought into Oklahoma by a resident of this State and is not registered immediately, a penalty of ten cents (10) per day will be charged from the date of purchase or the date of entry to the date of registration, such penalty to accrue for thirty (30) days, upon failure to register, at the end of which time, the penalty will be equal to the license fee due." In 1977, the Legislature enacted Senate Bill 432 which amended 47 O.S. 22.13 [47-22.13] to read in part as follows: "A. Unless provided otherwise by statute, on the registration and licensing of any new vehicles purchased in this state other than automobiles and farm trucks and on any new or used vehicles used in the state or brought into this state other than automobiles and farm trucks by residents of this state between January 1 and March 31, inclusive, of any year, the payment of the full annual fee shall be required; and between April 1 and June 30, inclusive, of any year the payment of three-fourths (3/4) the annual fee shall be required, and between July 1 and September 30, inclusive, of any year, the payment of one-half (1/2) the annual fee shall be required, and between October 1 and December 10, one-fourth (1/4) the annual fee shall be required, provided that license plates or decals for each year shall be made available on December 11 of each preceding year for such vehicles; and any person who purchases a new vehicle other than an automobile or farm truck between December 11 and December 31 of any year shall register it immediately and obtain a license plate for the following calendar year upon payment of the full annual fee. "B. The Commission shall establish a staggered system of registration and licensing on a monthly series basis to distribute the work of registering automobiles and farm trucks as uniformly as practicable throughout the twelve (12) months of the calendar year. Commencing July 1, 1978, all automobiles and farm trucks not previously registered and licensed in Oklahoma shall be registered for a period of twelve (12) consecutive months. Commencing July 1, 1979, all automobiles and farm trucks previously registered in Oklahoma shall be registered and licensed as provided for in this section. "There are established twelve (12) registration periods, each of which shall start on the first day of each calendar month of a year and shall end on the last day of the twelfth month from the date of beginning of that registration period. Automobiles and farm trucks where the date of execution of transfer of ownership occurs in this state at any time to and including the fifteenth day of any given month shall be subject to registration and payment of the fee for the twelve-month period commencing the first day of the month of such date of execution of transfer. Automobiles and farm trucks when the date of execution of transfer of ownership occurs in this state after the fifteenth day of any given month shall be subject to registration and payment of a fee for the twelve-month period commencing the first day of the next following calendar month. Provided that upon the registration of such a vehicle, the purchaser shall receive credit for the unexpired portion of any license fee previously paid. "E. In the event a new automobile or farm truck is not registered within ten (10) days from date of purchase, and in case a used automobile or farm truck is brought into Oklahoma by a resident of this state and is not registered within ten (10) days, a penalty of twenty-five cents ($0.25) per day shall be charged from the date of purchase or the date charged from the date of purchase or the date of entry to the date of registration, such penalty to accrue for thirty (30) days, upon failure to register, at the end of which time the penalty shall be equal to the license fee due." (Emphasis added) Paragraph A of 47 O.S. 22.13 [47-22.13] is essentially the same as the previous 47 O.S. 22.13 [47-22.13] except that automobiles and farm trucks are excepted from its provisions and provided for separately in Paragraph B. Article V, Section 57 of the Oklahoma Constitution provides in part as follows: ". . . no law shall be revised, amended or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revised, amended, extended, or conferred shall be re-enacted and published at length; . . ." There is nothing in the aforementioned amendment which indicates that the substantive portion of the statute of concern here was altered other than to remove and provide separately for automobiles and farm trucks. Therefore, those portions of the existing law that are retained and not being amended will be regarded merely as a continuation of the existing law and not as a new enactment. Horath v. Pierce, Okl., 506 P.2d 548 (1973); State ex rel. Hampton v. Oakes, Okl., 281 P.2d 749 (1955). It is a well recognized rule that when a statute has been accorded a certain judicial or administrative interpretation and the cognizant legislative body subsequently leaves the statute unchanged, the Legislature is presumed to have concurred in the administrative interpretation, and the same is regarded as a correct statement of the law. (See e.g. Morgan v. Commissioner,309 U.S. 78, 84 L.Ed. 585, 60 S.Ct. 424 1940; United States v. American Trucking Assoc., 310 U.S. 534,84 L.Ed. 1345, 60 S.Ct. 1059 1940; Trosk v. Board of Elections,262 N.Y. 430, 187 N.E. 566 1933). The Supreme Court of Oklahoma has similarly stated (Peterson v. Oklahoma Tax Commission, Okl., 395 P.2d 388 1964) that the long continued construction of the statute by a department of government charged with its execution is entitled to great weight; and with specific reference to opinions of the Attorney General it has been held that when the Legislature declines to amend a statute after the same has been construed by the Attorney General, such "may be regarded as acquiescence or approval of the interpretation placed upon the provisions by the Attorney General." Goble v. Mazie Dependent School District, Okl., 488 P.2d 156
(19713. The Legislature was obviously aware of the construction placed upon the former 47 O.S. 22.13 [47-22.13] by the Attorney General in Opinion No. 68-179. When they amended 47 O.S. 22.13 [47-22.13] in 1977 by Senate Bill 432, the Legislature had the opportunity to alter the Attorney General's construction, but failed to do so. In construing any statute, the primary role of construction is to ascertain and declare the intention of the Legislature. Midwest City v. Harris, Okl., 561 P.2d 1357 (1977). That intent is ascertained from an examination of the language of the act as a whole in light of its general purchase and object. Adams v. Fry, Okl., 230 P.2d 915 (1951). When the intent of the Legislature is plainly expressed, there is no room for construction. Johnson v. Ward, Okl., 541 P.2d 182
(1975). A plain reading of this statute reveals that it was the intent of the Legislature to provide different times for registration of vehicles. Therefore, the answer to your first question must be in the negative. As to your second question, the proper method for determining the controlling date for determining registration fees would be to apply the prior construction to all classifications of vehicles except for automobiles and farm trucks. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The date of purchase is the controlling date in determining registration fees for automobiles and farm trucks only because the Legislature did not alter the administrative construction placed upon the prior 47 O.S. 22.13 [47-22.13] by Opinion of the Attorney General No. 68-179 when they passed Senate Bill 432. (JEFFREY L. WEEKS) (ksg)