Clifford R. BANNISTER, Plaintiff,

v.

FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, a corporation; the Town of Noble, Oklahoma, a municipal corporation; and the City of Norman, Oklahoma, a municipal corporation, Defendants.

No. 56677.

Supreme Court of Oklahoma.

June 9, 1981.

Rehearing Denied July 28, 1981.

---

John M. Merritt, Inc., R. Stephen Haynes, Buck & Crabtree, Oklahoma City, for plaintiff.

Elliott C. Fenton & Larry D. Ottaway, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for defendant Alliance Mut. Ins. Co.

Terry Shipley, Noble, John R. Couch, Pierce, Couch, Hendrickson, Johnston & Baysinger, Oklahoma City, for defendant, Town of Noble.

Douglas J. Juergens, City Atty., Norman, Earl D. Mills & Glen D. Huff, Foliart, Mills & Niemeyer, Oklahoma City, for defendant, City of Norman.

SIMMS, Justice.

This opinion concerns an action pending in the United States District Court for the Western District of Oklahoma. Pursuant to the Oklahoma Uniform Certification of Questions of Law Act, 20 O.S.Supp.1980, § 1601 et seq., the United States District Court certified the following five questions of law to this Court. It is important to note that the occurrence involved in this action preceded an extensive amendment of Title 11, O.S., effective 1978.

1. IS A CONTRACT UNDER 69 Okla. Stat.1971, § 603 AN EXCEPTION TO THE RULE THAT A MUNICIPALITY HAS A NON-DELEGABLE DUTY TO MAINTAIN ITS STREETS IN A REASONABLY SAFE CONDITION FOR TRAVEL BY THE PUBLIC?

▆▆▆ This question must be answered in the negative. The law is clear in Oklahoma that a municipality has the primary duty of maintaining its streets in a reasonably safe condition for travel by the public. This duty cannot be evaded, suspended or cast upon others by any act of the municipality. This duty is nondelegable. The city is liable for a breach thereof even if the damage alleged was caused by persons other than servants and employees of the municipality, such as an independent contractor. *City of Hugo v. Nance*, 39 Okl. 640, 135 P. 346 (1913); *City of Tulsa v. Wells*, 79 Okl. 39, 191 P. 186 (1920); *City of Waggoner v. Black*, 186 Okl. 207, 97 P.2d 21 (1939); *Terry v. Edgin*, Okl., 561 P.2d 60 (1977).

Defendants cite *Terry v. Edgin, supra*, for the proposition that a contract under 69 O.S.1971, § 603, whereby the county undertakes grading, draining, or hardsurfacing on a city street that is a continuing link in the County Highway System, is an exception to the nondelegable duty rule imposed on the city.

The argument put forth in *Terry, supra*, does not support that proposition. The city there asserted that a 69 O.S.1971, § 603, contract created an exception to the nondelegable duty rule because another statute, 69 O.S.1971, § 601, vested the county with *exclusive* jurisdiction over the maintenance of county highways. Therefore, the city argued, since the city street was part of the county highway system, and since the county thereby had exclusive jurisdiction over its maintenance, the city must be relieved of its nondelegable duty, as it would then have no jurisdiction to perform any maintenance on that street.

In *Terry, supra*, we adopted the reasoning of Attorney General Opinion No. 63–

159, and held 69 O.S. 1971, § 601, which places the duty to maintain county roads on the county and gives exclusive jurisdiction for such maintenance, applicable only to those county highways which lie outside the boundaries of a municipality. That opinion of the Attorney General was based on a finding that any other interpretation would be in direct conflict with 11 O.S.1961, § 72 [1], which establishes separate road districts for municipalities.

▆▆▆ The nondelegable duty rule is based on the policy that it is improper to allow the municipality to escape its liability for unsafe streets by merely employing an independent contractor to do the work thereon. There is no reason to treat the county, an independent contractor for the city under a 69 O.S.1971, § 603, contract any differently than any other independent contractor. Since 69 O.S.1971, § 601, was not applicable to roads within municipal boundaries, the county was neither charged with the duty to maintain a city road that was a continuation of the county highway system nor was it vested with exclusive jurisdiction over the city road. The city may not, by its own act, including a contract under 69 O.S.1971, § 603, delegate its primary duty to maintain its streets in a reasonably safe condition for travel by the public.

2. DOES A CONTRACT BETWEEN A COUNTY AND A MUNICIPALITY WHEREBY THE COUNTY AGREES TO MAINTAIN AND MAINTAINS A STREET WITHIN THE MUNICIPALITY WHICH IS A CONTINUATION OF OR A CONNECTING LINK IN THE COUNTY HIGHWAY SYSTEM COME WITHIN THE AMBIT OF 69 Okla.Stat. 1971, § 603?

▆▆▆ This question must be answered in the negative. We noted in *Terry, supra*, that 69 O.S.1971, § 603, creates a specific statutory exception to the general rule that county commissioners have no authority to perform any work on streets within a municipality. The language allowing the county to "contract for grading, draining or hardsurfacing," is specific and much nar-

---

**1.** This statute, 11 O.S.1961, § 72, was repealed effective 1978.

rower than the term "maintain". Maintenance connotes more activity than merely grading, draining or hardsurfacing. It is clear that the legislature intended to distinguish between the two concepts, as is shown by the broader language allowing the county to contract with the city found in 69 O.S.1971, § 1903.

The county, therefore, has no authority under 69 O.S.1971, § 603, to perform any maintenance upon a street within a municipality beyond grading, draining and hardsurfacing.

3. DOES A CONTRACT BETWEEN A COUNTY AND A MUNICIPALITY WHEREBY THE COUNTY AGREES TO AND PERFORMS GRADING, DRAINING OR HARDSURFACING AND MAINTENANCE OF A STREET WITHIN THE MUNICIPALITY WHICH IS A CONTINUATION OR A CONNECTING LINK IN THE COUNTY HIGHWAY SYSTEM COME WITHIN THE AMBIT OF 69 Okla.Stat.1971, § 603?

We cannot answer this question either in the affirmative or the negative. While a contract to perform grading, draining or hardsurfacing of a street within a municipality which is a continuation or a connecting link in the county highway system does come within the ambit of 69 O.S.1971, § 603, a contract for maintenance does not. See the discussion above under Question Number 2.

4. IS A CONTRACT UNDER 69 Okla. Stat.1971, § 1903, BETWEEN A COUNTY AND A CITY OF LESS THAN 4,000 POPULATION BY WHICH THE COUNTY AGREES TO CONSTRUCT, IMPROVE, REPAIR OR MAINTAIN A STREET OF THE CITY AN EXCEPTION TO THE RULE THAT A MUNICIPALITY HAS A NON–DELEGABLE DUTY TO MAINTAIN ITS STREETS IN A REASONABLY SAFE CONDITION FOR TRAVEL BY THE PUBLIC?

■ This question must be answered in the negative. Consistent with our discussion above under question number one, there is no reason to treat the county dif-

ferently than any other independent contractor. 69 O.S.1971, § 1903, neither places the duty on the county, nor vests exclusive jurisdiction in the county, for municipal street improvements in cities under 4,000 population. It merely gives the county and the city the authority to so contract. The city may not, by such a contract, transfer its primary nondelegable duty to the county.

5. WOULD DESIGNATION OF A STREET, WHICH IS WITHIN A MUNICIPALITY, BY THE COUNTY COMMISSIONERS AS PART OF THE PRIMARY ROAD SYSTEM OF THE COUNTY UNDER THE PROVISIONS OF 69 Okla.Stat.1971, § 654, CONSTITUTE AN EXCEPTION TO THE RULE THAT A MUNICIPALITY HAS A NON–DELEGABLE DUTY TO MAINTAIN ITS STREETS IN A REASONABLY SAFE CONDITION FOR TRAVEL BY THE PUBLIC?

■ This question must be answered in the negative. Again, reference is made to our discussion above under question number one. Designation of a street within a municipality by the county commissioners as part of the primary road system of the county under 69 O.S.1971, § 654, does not relieve the municipality of its primary duty because, since 69 O.S.1971, § 601, would not apply to such a street, the county would have no duty to maintain it, nor would it have exclusive jurisdiction to do so.

CERTIFIED QUESTIONS ANSWERED.

BARNES, V. C. J., and HODGES, LAVENDER, DOOLIN and OPALA, JJ., concur.

HARGRAVE, J., not participating.