I HAVE REVIEWED THE ABOVE REFERENCED OPINION AND I HAVE THE FOLLOWING OBSERVATIONS. FIRST, A.G. OPIN. NO. 71-294 SETS FORTH THE GENERAL RULE AS STATED IN AN EARLIER OPINION (A.G. OPIN. NO. 63-159). THAT IS, THAT A COUNTY COULD "MAINTAIN" A STREET IN A MUNICIPALITY ONLY WHEN THAT STREET WAS A LINK OR CONTINUATION OF THE COUNTY HIGHWAY SYSTEM OR WHEN THE COUNTY A REED WITH THE MUNICIPALITY TO MAINTAIN THAT STREET, AND THE CITY PAID FOR SUCH MAINTENANCE. THE LATTER PART OF THAT GENERAL RULE WAS BASED ON THE ATTORNEY GENERAL'S CONSTRUCTION OF 11 O.S. 117.2 [11-117.2] (1971). THAT STATUTORY PROVISION IS STILL IN FULL FORCE AND EFFECT, BUT HAS BEEN RENUMBERED AND SLIGHTLY REVISED AS 11 O.S. 36-113 [11-36-113] (1986). THAT SECTION PROVIDES IN PERTINENT PART:" . . THE BOARD OF COUNTY COMMISSIONERS OF ANY COUNTY SHALL, BY AGREEMENT WITH THE GOVERNING BODY OF A MUNICIPALITY, . . . MAINTAIN ANY OF THE STREETS OF THE MUNICIPALITY . . . . " IT WAS THE CONCLUSION OF THE ATTORNEY GENERAL IN OPIN. NO. 71-294 THAT 11 O.S. 36-113 [11-36-113] WOULD GIVE NO "BENEFICIAL EFFECT TO MUNICIPALITIES UNLESS THE MUNICIPALITIES RAISED THE REQUIRED APPROPRIATIONS TO PAY FOR THE . . . MAINTENANCE . . . OF STREETS INVOLVED. IT SEEMS THEN THAT WHILE IT MAY OR MAY NOT BE MANDATORY (BECAUSE OF USE OF THE WORD "SHALL") FOR THE COUNTY COMMISSIONERS TO AGREE WITH THE MUNICIPALITY TO MAINTAIN THE MUNICIPALITIES' ROADS, IT IS ALSO TRUE THAT THE MUNICIPALITY WOULD HAVE TO PAY THE COUNTY FOR SUCH MAINTENANCE. AS REGARDS OUR CONVERSATION YESTERDAY, WE CAN CLEAR UP SOME OF THE QUESTIONS THAT WE HAD THEN. FIRST, 11 O.S. 36-113 [11-36-113] IS NOT A NEW LAW THAT HAS BEEN PASSED SINCE THE 1971 A.G. OPINION, BUT IS A LAW THAT WAS CONSTRUED BY A.G. OPIN. NO. 71-294 AND HAS BEEN MERELY RENUMBERED SINCE THAT TIME. SECOND, THE WORD "AGREEMENT" AS IT IS USED IN 36-113 HAS BEEN CONSTRUED BY THE ATTORNEY GENERAL TO MEAN AN AGREEMENT BY WHICH THE MUNICIPALITY MUST PAY THE COUNTY FOR ANY MAINTENANCE SERVICES RECEIVED, NOT AN AGREEMENT BY WHICH THE COUNTY SIMPLY PROVIDES FREE MAINTENANCE TO THE MUNICIPALITY. MORE IMPORTANTLY, THE OKLAHOMA SUPREME COURT, IN THE CASE OF TERRY V. EDGIN, 561 P.2d 60 (OKL. 1977), EXPRESSLY AFFIRMED A.G. OPIN. NO. 63-159 UPON WHICH A.G. OPIN. NO. 71-294 HAD RELIED. SO, THERE IS NOT ONLY AN A.G. OPINION ON THIS ISSUE, BUT A SUPREME COURT CASE ADOPTING AND AFFIRMING THE CONCLUSIONS REACHED IN A.G. OPIN. NO. 63-159 (AND BY REFERENCE, A.G. OPIN. NO. 71-294). ANOTHER STATUTE WHICH IS DIRECTLY APPLICABLE TO YOUR QUESTION IS 69 O.S. 601 [69-601] (1991) WHICH BASICALLY PROVIDES THAT THE COUNTY COMMISSIONERS SHALL "MAINTAIN" AS COUNTY HIGHWAYS THOSE ROADS WHICH BEST SERVE THE MOST PEOPLE OF THE COUNTY AND WHICH ARE INCLUDED IN THE "COUNTY HIGHWAY SYSTEM. N THIS STATUTE HAS BEEN CONSTRUED BY THE OKLAHOMA SUPREME COURT. THEY SAID THAT THE STATUTE "CONTEMPLATES INCLUSION OF ONLY THOSE ROADS WITHIN COUNTY WHICH LIE OUTSIDE MUNICIPAL BOUNDARIES AND DOES NOT CONSTITUTE AN EXCEPTION TO THE GENERAL RULE THAT COUNTY COMMISSIONERS HAVE NO JURISDICTION TO MAINTAIN STREETS WITHIN A MUNICIPALITY, N TERRY V. EDGIN, 561 P.2d 60, 61 (OKL. 1977). A.G. OPIN. NO. 82-236 FURTHER STATES THAT "ALL PUBLIC ROADS IN A COUNTY, EXCEPT THOSE WHICH HAVE BEEN PLACED ON THE STATE HIGHWAY SYSTEM OR THOSE WITHIN THE CORPORATE LIMITS OF A MUNICIPALITY, ARE BY OPERATION OF LAW ON THE COUNTY HIGHWAY SYSTEM AND MAY BE MAINTAINED BY THE COUNTY. IN MY PERSONAL OPINION, WHICH AT THIS POINT, IS NOT THE OFFICIAL OPINION OF ATTORNEY GENERAL HENRY, THE RULE IS THAT A COUNTY CANNOT MAINTAIN ROADS WITHIN A MUNICIPALITY UNLESS IT IS A CONTINUATION OR LINK OF THE COUNTY HIGHWAY SYSTEM OR THE COUNTY REACHES AN AGREEMENT WITH THE MUNICIPALITY TO DO SUCH MAINTENANCE AT THE MUNICIPALITY'S EXPENSE. I UNDERSTAND YOUR PREDICAMENT AND THE HARDSHIPS THAT MAY HAVE BEEN EXPERIENCED BY MUNICIPALITIES WHOSE ROADS WERE SEVERELY DAMAGED IN LAST OCTOBER'S DEVASTATING FLOODS. I UNDERSTAND THAT THIS RULE DOES NOT PROVIDE THEM ANY RELIEF, AT LEAST UNDER 11 O.S. 36-113 [11-36-113]. BUT MY INITIAL RESEARCH DOES INDICATE THAT THE GENERAL RULES ENUNCIATED IN A.G. OPIN. NO. 71-294 DO STILL APPLY AND IN FACT HAVE BEEN AFFIRMED BY RECENT OKLAHOMA SUPREME COURT DECISIONS. I WOULD BE MOST HAPPY TO DISCUSS THIS AND EVEN THE POSSIBILITY OF A FORMAL A.G. OPINION WITH YOU AT YOUR CONVENIENCE. BUT, I WOULD COUNSEL YOU THAT, IF, AS MY RESEARCH INDICATES, 71-294 IS STILL APPLICABLE, A FORMAL OPINION WOULD MOST LIKELY NOT BE ISSUED. THANK YOU FOR YOUR TIME. (WILLIAM D. LAFORTUNE)