Elmer FORD and P. O. Denham, d/b/a Elmer Ford Car Leasing Company,
Plaintiff in Error,

v.

OKLAHOMA TAX COMMISSION,
Defendant in Error.

No. 36453.

Supreme Court of Oklahoma.

May 31, 1955.

Rehearing Denied July 13, 1955.

Joseph A. Moran, Tulsa, for plaintiff in error.

R. F. Barry, W. F. Speakman, E. J. Armstrong, Oklahoma City, for defendant in error Oklahoma Tax Commission.

WELCH, Justice.

In stipulation of facts it was shown that appellant is engaged in the business of renting or leasing its automobiles and trucks to the general public. The appellant does not furnish drivers with the vehicles, and delivers possession to the renters of the vehicles under written agreements providing that the renter will return said vehicle to the owner on a stipulated date, or sooner upon demand of the owner.

The issue presented in this appeal is whether the gross receipts or gross proceeds derived by appellant from rental of

said vehicles are subject to taxes under the Sales Tax Act, 68 O.S.1951 § 1251 et seq.

The Act in Section 5, 68 O.S.1951 § 1251c, provides that an excise tax of two per cent (2%) is levied upon the gross proceeds or gross receipts from all sales of tangible personal property to any person.

Section 2 of the Act, 68 O.S.1951 § 1251a, provides:

"The following words, terms and phrases shall, except where the context clearly indicates a different meaning, have, when used in this Act, the following meanings: * * *

"(c) Sale: The term 'sale' is hereby declared to mean the transfer of either the title or possession of tangible personal property for a valuable consideration, * * *. The term 'sale' is also declared to include the * * * lease or rental of tangible personal property where such * * * lease or rental results in either the transfer of the title or the possession. * * *

"(i) The definition of words provided in this Section are for the purposes of this Act only."

The appellant contends that its rental of automobiles and trucks to users for a short period of time, and with right of the said appellant to retake the vehicle at any time, does not amount to a transfer of possession within the meaning of the Act above quoted.

It is argued that the Legislature intended to tax sales of personal property, and that the "transfer of possession" as used in the Act means a transfer that in effect amounts to a sale; that the character of possession referred to in the provisions defining "sale" is a permanent possession carrying the exclusive and whole possession, both actual and constructive, and not a temporary possession such as we have here. A definition of "possession" is not included in the statutory definition of words provided for the purposes of the Sales Tax Act.

■ We may not speculate as to a probable intent of the Legislature apart from the words of the statute. "Sale" is defined in statute, and unless there is doubtfulness, doubleness of meaning, or indistinctness or

uncertainty of meaning of the language and expression used in defining sale, the statute is to be applied, and not interpreted, since the statute speaks for itself. In 50 Am. Jur., Statutes, § 225, it is stated:

"A statute is not open to construction as a matter of course. It is open to construction only where the language used in the statute requires interpretation, that is, where the statute is ambiguous, or will bear two or more constructions, or is of such doubtful or obscure meaning, that reasonable minds might be uncertain or disagree as to its meaning. Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation, and the court has no right to look for or impose another meaning. In the case of such unambiguity, it is the established policy of the courts to regard the statute as meaning what it says, and to avoid giving it any other construction than that which its words demand. The plain and obvious meaning of the language used is not only the safest guide to follow in construing it, but is has been presumed conclusively that the clear and explicit terms of a statute expresses the legislative intention, so that such plain and obvious provisions must control. * * *"

The statute declares there is a sale when there is a rental of tangible personal property resulting in transfer of possession.

■ In Webster's New International Dictionary, Unabridged, 2nd Edition, definitions of the word "possession" are set forth as follows:

"Act or state of possession. * * * Law. Act, fact, or condition of a person's having such control of property that he may legally enjoy it to the exclusion of all others having no better right than himself."

The word "possess" is stated as meaning "to have and hold as property, to have a just right to; to be master of; * * *".

■ Under all circumstances in its connection with tangible personal property the otherwise unmodified word "possession"

clearly refers to him who has actual physical control of a thing and conveys a clear and definite meaning. In short, we find no ambiguity in the statutory language defining a sale. The statutory definition of "sale" clearly fits the situation of the appellants to which it was applied.

The order of the Commission is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, ARNOLD, HALLEY, BLACKBIRD and JACKSON, JJ., concur.