D. L. PETERSON, Trustee, Plaintiff in Error,

v.

OKLAHOMA TAX COMMISSION,
Defendant in Error.

No. 40420.

Supreme Court of Oklahoma.

March 31, 1964.

Rehearing Denied Sept. 15, 1964.

John K. Speck, Speck, Fleig & Hewett, Oklahoma City, for plaintiff in error.

Albert D. Lynn, E. J. Armstrong, Oklahoma City, for Oklahoma Tax Commission, defendant in error.

IRWIN, Justice.

D. L. Peterson, Trustee, filed an application with the Oklahoma Tax Commission, hereinafter referred to as Commission, for a refund of sales taxes paid by the Trustee under protest, upon the gross receipts received by him from renting or leasing motor vehicles for use in Oklahoma, from February 1, 1957 through September 30, 1961. The Trustee alleged that he was relieved from paying the sales tax and entitled to the refund for the reason there were no sales taxes due or owing because there had been paid the motor vehicle excise tax and such tax is in lieu of the sales tax.

The Commission denied the Trustee's claim for the refund and the Trustee lodged this appeal.

## FACTS

It was stipulated that the Trustee enters into lease agreements under which fleets of vehicles are leased to others for periods of not less than one year; that Trustee, as lessor, leases motor vehicles and the lessees agree to pay the Trustee a fixed monthly rental predicated upon a predetermined percentage per month of the original cost, plus a predetermined rate of interest thereon; that the lessees pay all the costs, expenses, taxes, fees and charges incurred in connection with the titling, licensing and registration of such vehicles and their use and operation during the term of the lease; that all of said lease agreements were made and entered into outside the State of Oklahoma; that title and possession of all motor vehicles were originally taken by the Trustee and delivery of possession was subsequently made to the lessees; and that Trustee paid a sales tax on the gross receipts received from the rental and leasing of the motor vehicles and has paid the motor vehicle excise tax on substantially all the motor vehicles leased under the lease agreements.

In addition to the above, the Rules and Regulations promulgated and adopted by the Commission and the manner in which the Commission has administered the Motor Vehicle Excise Tax Acts and the Sales Tax Act were in the stipulation. The rules and regulations will be referred to later in considering the contentions of the parties.

## PROPOSITION I

The Trustee contends that the motor vehicle excise tax is in lieu of the sales tax and the Motor Vehicle Excise Tax Act prohibits the levy of a sales tax upon the gross receipts derived from rentals of motor vehicles upon which vehicles the motor vehicles excise tax has been paid; and, the Oklahoma Sales Act specifically exempts from the sales tax the gross receipts derived from the rental of motor vehicles by virtue of Title 68 O.S.1951 § 1251d(m).

The Commission contends the payment of the motor vehicle excise tax paid on substantially all of the vehicles registered by the Trustee in Oklahoma does not relieve the Trustee from paying a sales tax on the gross receipts derived from renting or leasing of vehicles for use in Oklahoma where such rental or leasing results only in a transfer of possession of the motor vehicles.

In considering the above contentions we find the basic issue to be resolved is whether the payment of the Motor Vehicle Excise Tax (Title 47 O.S.1951 §§ 52–52i) re-

lieves the payment of a sales tax upon the gross receipts derived from the renting or leasing of motor vehicles for use in Oklahoma as provided by Title 68 O.S.1951 §§ 1251–1261.7, where there has been only a transfer of possession of the motor vehicles.

The statutory provisions relied upon by the Trustee to sustain his contention that he is entitled to a refund of sales taxes paid by him upon the gross receipts received by him from renting or leasing motor vehicles for use in Oklahoma involve the "Motor Vehicle Excise Tax", the "Consumers or Sales Tax", and the "Use Tax". We find it unnecessary to consider the "Use Tax" (see Title 68 O.S.1951 Chapter 29) under the record presented to this Court.

Although some of the statutory provisions to be considered have been amended since 1951, for the purpose of determining the issues herein, we find no amendments which materially affect the rights of either litigant. Therefore, we will consider the 1951 statutory provisions since most of the taxes were levied and paid prior to any amendments enacted by the 1961 Legislature.

The pertinent provisions of the "Motor Vehicle Excise Tax Act" are:

Title 47 O.S.1951 § 52b, levies an excise tax of two percent of "the value of each motor vehicle, * * * upon the transfer of legal ownership of any such vehicle registered in this State and upon the use of any such vehicle registered in this State * * *", except as otherwise provided in the act. This section further provides that "In the event an excise tax is collected on the transfer of legal ownership or use of the vehicle during any calendar year; then an additional excise tax must be collected upon all subsequent transfers of legal ownership." Title 47 O.S.1951 § 52e, provides that "The excise tax levied by this Act is in lieu of all other taxes except: (a) annual vehicle registration and license fees; * * *", and other exemptions not material to the issues herein.

The purpose for enacting the Motor Vehicle Excise Tax Act was to "provide funds for General Governmental Functions of State Government." (See Title 47 O.S. 1941 § 52a).

The pertinent provisions of the "Consumers or Sales Tax Act" are as follows:

Title 68 O.S.1951 § 1251c, levies an excise tax of two percent "upon the gross proceeds or gross receipts derived from all sales * * *." Thereafter listed are the types of sales subject to the tax. Sec. 1251a(c) provides that, "The term 'sale' is hereby declared to mean the transfer of either the title or possession of tangible personal property for a valuable consideration, * * *. The term 'sale' *is also declared to include the exchange, barter, lease or rental of tangible personal property where such exchange, barter, lease or rental results in either the transfer of the title or the possession.* * * *" (emphasis ours). Sec. 1251d specifically exempts from this tax the gross receipts or gross proceeds derived from * * *" (m) Sale of motor vehicles on which sale the Oklahoma Motor Vehicle Excise Tax has been paid." Section 1251b provides that 97% of the revenues derived from the sales tax shall be paid to the State Treasurer and placed to the credit of the State Assistance Fund.

The Trustee argues that the term "sale" as used in the exemption section (1251d (m) supra), of the sales tax act includes the leasing and rental of motor vehicles which results in the transfer of possession; and also, that the "in lieu" section of the motor vehicle excise tax (52e) prohibits the imposition of a sales tax because of the payment of the motor vehicle tax since Sec. 52e of the act specifically provides that such taxes shall be in lieu of all taxes, except certain taxes not pertinent herein.

The Commission argues that when the levying section and the "in lieu" section of the Motor Vehicle Excise Tax Act are considered with the exemption provision of the Sales Tax Act, it is obvious that the legislature did not intend that the Vehicle Ex-

cise Tax was either levied in lieu of, or excepted from the sales tax act the gross receipts from rentals of motor vehicles where there has been only a transfer of possession.

In construing the above statutory provisions we should be mindful of certain rules of law, which are: (1) The long-continued construction of a statute by a department of government charged with its execution is entitled to great weight and should not be overturned without cogent reasons; and where the legislature has convened many times during this period of administrative construction without ex-pressing its disapproval, such silence may be regarded as acquiescence in or approval of the administrative construction. See Atlantic Refining Company v. Oklahoma Tax Commission, Okl., 360 P.2d 826; and Lincoln National Life Insurance Co. v. Read, 194 Okl. 542, 156 P.2d 368. (2) In the construction of statutes the intention of the legislature, when ascertained, must govern, and to ascertain the legislative intent, we are privileged to examine the previous legislative enactments relating to the subject matter. Board of Education of Oklahoma City v. State Board of Education, 197 Okl. 141, 169 P.2d 295; and Couch v. International Brotherhood of Teamsters etc., et al., Okl., 302 P.2d 117.

In examining the previous legislative enactments we find by virtue of the enactment of H.B. No. 2, 1933 Session Laws, pp. 456–465, Oklahoma had its first Sales Tax Act. This enactment, inter alia, levied a tax upon "the gross proceeds of all sales * * * derived from * * * the leasing, hiring or renting of radiocasting equipment or facilities * * *." An examination of this enactment, and H.B. No. 440, 1935 Session Laws, pp. 308–314, which increased the types of transactions subject to the sales tax, discloses that rental of tangible personal property generally was not includ-ed in the sales tax laws.

In 1937 the Legislature amended the Sales Tax Act and also amended the Motor Vehicle Excise Tax Laws enacted by the 1935 Legislature. Both of these legisla-tive enactments were approved by the leg-islature and transmitted to the Chief Ex-ecutive on the same day. (See the 1937, House of Representative Journal). The Sales Tax Act of 1937 was approved on May 4, 1937, and the Motor Vehicle Excise Tax Act of 1937 was approved on May 5, 1937. We can assume the legislature was fully cognizant of the provisions of both acts and intended that they be consistent.

In the 1937 Sales Tax Act (see H.B. 206, 1937 Session Laws, pp. 445–456) the Legislature for the first time declared that the term "sale" as used in the Act, shall also include "the exchange, barter, lease or rental of tangible personal property where such exchange, barter, lease or rent-al results in either the transfer of the title or the possession". (See the same lan-guage in Title 68 O.S.1951, § 1251a (c) heretofore referred to). This enactment al-so contained the proviso that the gross re-ceipts or gross proceeds derived from the *sale* of motor vehicles was specifically ex-empted from such tax.

The 1937 Motor Vehicle Excise Tax (see H.B. 376, 1937 Session Laws, pp. 362–366) levied an excise tax upon motor vehicles which was to be collected only at the time a motor vehicle was first licensed in the State and upon the transfer or as-signment of the title to any motor vehicle under certain conditions. This enactment specifically provided that such tax would be in lieu of all other taxes for the calen-dar year, with certain exceptions. It is to be noted that this enactment does not relate to the leasing or renting of a motor vehi-cle which results only in a transfer of pos-session.

Pursuant to statutory direction, the Com-mission adopted rules and regulations to carry out the provisions of the enactments, which included a regulation dealing with the lease or rental of tangible personal property. In paragraph 13 of the Stipula-tion of the parties we find the following:

"In administering the Sales Tax Laws, the Commission has consistently, since

the passage of the Sales Tax Law in 1937 (H.B. 206 S.L.1937, page 455), construed the same as subjecting to such tax the gross receipts or gross proceeds received from the lease or rental of tangible personal property where under the lease or rental contract or agreement the Lessee has possession of such property."

In paragraph 15 of the Stipulation we find this language:

"The Commission has consistently construed the vehicle excise tax law and the sales and use tax laws as requiring the payment of vehicles and motor vehicles of the excise tax levied by Section 52b of Title 47 and as requiring the payment of either the sales or use tax levied by Sections 1251c and 1310a, respectively Title 68, upon the gross proceeds derived from the lease or rental of vehicles or motor vehicles."

In our examination of the Sales Tax Act we find that the sales tax may not be levied upon the sale of a motor vehicle "on which sale the Oklahoma Motor Vehicle Excise Tax has been paid". However, in the instant action, we are not concerned with the levy and collection of a sales tax upon the "sale" of a motor vehicle, as the term "sale" is usually employed; but with the term "sale" as defined by section 1251a (c), supra, which includes the leasing or renting of motor vehicles where such leasing or renting results only in a transfer of possession.

In Ford v. Oklahoma Tax Commission, Okl., 285 P.2d 436, we held:

"Where there has been a transfer of the actual physical control and possession of an item of tangible personal property for a valuable consideration by way of rent payment, such consideration is subject to sales tax by the provisions of 69 O.S.1951 § 1251a."

■ Although the Ford case might seem to resolve the issue presented herein, we find in that case the taxpayer neither pleàd

the exemptions provided for in Title 47 O.S.1951 § 52e, nor offered proof that the motor vehicle excise tax had been paid and this Court did not specifically consider the Sales Tax Act in connection with the Motor Vehicle Excise Tax Act in its opinion. However, we can only conclude that the rentals derived from the leasing or rental agreements under the circumstances herein presented are subject to a sales tax unless the excise taxes paid under the Motor Vehicle Excise Tax Act are in lieu of such sales tax.

As heretofore noted, since 1937 the Commission has consistently collected both the motor vehicle excise tax and the sales tax under similar circumstances to the case at bar. An examination of the Motor Vehicle Excise Tax discloses that even though an excise tax is collected upon the transfer of the legal ownership of a motor vehicle in this State, if there is a subsequent transfer of legal ownership, then the act imposes an additional excise tax on the subsequent transfer of legal ownership.

■ We can only conclude that we should not overturn the Commission's long-continued construction of the tax acts under consideration which, in effect, is: "The Motor Vehicle Excise Tax Act relates to the registration and/or transfer of legal title to motor vehicles, but does not relate to the leasing or renting of motor vehicles where there is only a transfer of possession; and, that the motor vehicle excise tax is in lieu of all other taxes relating to the registration or transfer of legal title, but is not in lieu of all other taxes where legal title has remained unchanged and there is only a transfer of possession." This construction is substantiated by the legislative acquiescence in the Commission's construction and also an amendment to Sec. 52e, supra, which was enacted by the 1961 Legislature. The "in lieu" section now is as follows: "The excise tax levied by this Act is in lieu of all other taxes on the transfer or the first registration in this State of vehicles, * * *."

We can only conclude that the payment of the motor vehicle excise tax does not relieve the payment of a sales tax upon the gross receipts or gross revenues derived from the renting or leasing of motor vehicles for use in Oklahoma, where there has been only a transfer of possession of the motor vehicles.

## PROPOSITION II

The Trustee contends the Sales Tax Act specifically exempts from the tax sales for resale to persons regularly engaged in the business of reselling the articles purchased, whether within or without the State. To sustain this contention, the Trustee cites Title 68 O.S.1951 § 1251d, which provides:

"There is hereby specifically exempted from the tax imposed by this Act the gross receipts or gross proceeds derived from the: * * * (p) (1) Sales for resale to persons regularly engaged in the business of reselling the articles purchased, * * *."

Trustee urges that the "Commission has consistently exempted from the sales tax all purchases by licensed dealers of tangible personal property, except motor vehicles, for resale by leasing to others."

Without question, the legislature has set up a different classification for the taxation of motor vehicles and the taxation of other personal property. In enacting legislation which makes a distinction in classification, the legislature has recognized the differences between the general nature of motor vehicles and other personal property and the need for a different classification. Article 10, Section 13 of the Constitution provides that "The State may select its subjects of taxation * * *." Article 10, Section 22, of the Constitution provides that "Nothing in this Constitution shall be held, or construed, to prevent the classification of property for purposes of taxation; and the valuation of different classes by different means or methods."

In the instant action, we are not concerned with the "sale" of motor vehicles, as that term is usually employed, or a "sale" where there is a transfer of legal title; but with the term "sale" as heretofore set forth. However, the legislature has a wide range of discretion in classifying subjects of taxation, and to justify judicial interference, the classification adopted by the legislature must be based on an unreasonable or arbitrary classification. See In re Gross Production Tax of Wolverine Oil Co., 53 Okl. 24, 154 P. 362, L.R.A.1916F, 141; and Daube v. Oklahoma Tax Commission, 194 Okl. 487, 152 P.2d 687. We cannot conclude that the taxes imposed under the circumstances in the case at bar are unreasonable and arbitrary.

The order of the Commission denying the refund is affirmed.