**C & Z, INC., a corporation, Plaintiff in Error,**

v.

**OKLAHOMA TAX COMMISSION, Defendant in Error.**

**No. 42269.**

Supreme Court of Oklahoma.

Sept. 30, 1969.

Rhoads, Ashton, Johnson & Schacher, by Sam H. Johnson, Lawton, for plaintiff in error.

Albert D. Lynn, E. J. Armstrong, R. O. Ingle, Oklahoma City, Oklahoma, for defendant in error.

McINERNEY, Justice.

This is an appeal from an order of the Oklahoma Tax Commission assessing an additional $103.75 as a franchise tax, and $10.38 penalty, pursuant to the terms of 68 O.S.Supp.1963, § 12–1209, Renumbered Laws 1965, c. 215, § 2. This section, § 12–1209, provides that notes payable more than three years after issuance shall be included as capital for the purpose of computing the amount of annual franchise tax levied upon corporations. The controversy involves a note in the principal sum of $135,000.00. C & Z, Inc. designated a note on its corporate return as payable on demand. The Oklahoma Tax Commission, after notice and a hearing, found the note was payable more than three years after its issuance, and constituted "Long Term Capital Employed."

The note, dated July 31, 1964, provided in pertinent part, "On demand, but if demand is not made, then in 240 monthly payments of $891.00, including principal and interest, and beginning on September 1, 1964, * * *." C & Z began making monthly payments of $891.00 on September 2, 1964 and continued monthly thereafter.

Both parties cite First National Bank in Bartlesville v. Bell, 140 Okl. 24, 282 P. 147, as supporting their position. The cited case involved a note dated September 1, 1922. The Court stated, in paragraph two of the syllabus:

"A note made payable as follows: 'On demand, and, if no demand is made, then on December 1, 1922,' is not, in a legal sense, a 'demand note,' and, in the absence of a prior demand, no cause of action accrues thereon until December 1, 1922, and the statute of limitations does not begin to run against the same until said date."

The note here is payable, at the convenience of the holder, either on demand or in installments for twenty years. The note is not definitely payable in the full amount within less than three years, § 12–1209, supra, and the holder had been accepting installment payments for approximately two years at the time of the hearing before the Oklahoma Tax Commission. Under these circumstances, the note is within the definition of "capital" as construed by the language of § 1209, supra.

C & Z also cites 12A O.S.1961, § 3–108 as the proper definition of a demand note to be applied in this case. The cited statute provides:

"Instruments payable on demand include those payable at sight or on presentation and those in which no time for payment is stated."

The note here has a time for payment stated in the alternative. If demand is not made, the monthly payments are to begin September 1, 1964. C & Z started making monthly payments in accord with the alternative terms of the note. The cited statute is not controlling.

We hold here, on the basis of the authority submitted, and for the purpose of considering the order of the Oklahoma Tax Commission, that the note in controversy is not a "demand note".

The order is affirmed.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON, HODGES and LAVENDER, JJ., concur.