STATE OFFICERS AND EMPLOYEES The multiple award contract presently used by the State of Oklahoma in the procurement of certain commodities is not, as a matter of law, inconsistent with the statutes of the State of Oklahoma. The Central Purchasing Division is charged with administering the provisions of the purchasing laws and policing the procedure. The acquiring agency is responsible for awarding the contract to the lowest and best bidder. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: "Is the multiple award contract presently used by the State of Oklahoma in the procurement of certain commodities consistent with the laws of the State of Oklahoma dealing with government purchasing?" Initially, it is noted that your letter refers to a possible proposed plan for the procurement of certain items, such as furniture, in a manner which would limit the agency to the purchase of a specified brand of those items, disallowing the purchase of other brands during the term of the contract. We are advised that such a proposal is not under consideration by the Board of Affairs since it would be inconsistent with the Oklahoma Central Purchasing Act as it has been interpreted thus far. We note that "multiple award contracts" have been used by the State of Oklahoma, acting through the Central Purchasing Division of the State Board of Public Affairs, since the Central Purchasing Act became effective. We have been advised that it is the intention of the Central Purchasing Division to continue the use of such contracts, absent a declaration that they are inconsistent with the statutory laws of the State of Oklahoma. By virtue of the fact that the multiple award contract procedure has been in effect for sixteen years without legislative action to alter or amend it, the legislature has acquiesced to the procedure as being consistent with its intention in the enactment of the Central Purchasing Act. Where the Legislature has convened many times during the period of administrative construction of a statute without expressing its disapproval, such silence may be regarded as acquiescence in or approval of the administrative construction. Peterson v. Oklahoma Tax Commission,395 P.2d 388 (Okl. 1964). We are of the opinion that such contracts are not inconsistent with the statutory laws of the State of Oklahoma. The policy now in existence, pertaining to multiple award contracts, provides that, from time to time, the Central Purchasing Division will enter into price agreements or contracts for commodities of common usage by the agencies of the State. As these contracts are consummated, notification is given to all agencies in the form of a purchasing division contract price schedule. Such items then on contract shall be purchased by the agencies direct from the contractor, and from none other. Title 74 O.S. 85.5 [74-85.5] (1971) grants to the State Board of Public Affairs the authority and responsibility to promote rules and regulations governing, providing for, and prescribing the conditions under which purchases may be made by State agencies without use of the procedure required by the Central Purchasing Act. That same provision grants to the State Board of Affairs the authority to promulgate rules and regulations governing, providing for, and prescribing the form and the time and manner of submission of any bids submitted for contracts to furnish any of the items of services affected by the Central Purchasing Act, subject to the restrictions set forth in the Act. The most fundamental element of the Central Purchasing Act is the requirement of competitive bidding. Title 74 O.S. 85.7 [74-85.7] (1971) provides as follows: "No acquisition or contract shall be made in excess of Five Hundred Dollars ($500.00) without the submission of competitive bids by the State Purchasing Director, and such acquisition or contract shall be awarded to the lowest and best bidder therefor. . ." The acquisition of commodities pursuant to multiple award contracts places certain responsibilities on different agencies of the state. The Central Purchasing Division has the responsibility to obtain bids consistent with the Central Purchasing Act. The agency acquiring the commodity, however, is the agency that awards the contract. In awarding the contract, the agency must comply with the Central Purchasing Act. The effect of this method of contracting is that the Central Purchasing Division performs all of those functions required of it in a normal competitive bid situation, except for the award of contract. The multiple award contract is, in effect, nothing more than the tabulation of all bids. The acquiring agency then must make the award of contract pursuant to the requirements of the Central Purchasing Act. Title 74 O.S. 85.7 [74-85.7] (1971) deals with this situation as follows: ". . . The competitive bid requirement of this section shall apply to acquisitions and contracts made directly by state agencies under a grant of authority therefore from the State Purchasing Director." The responsibility for selecting the lowest and best bidder is therefore delegated to the acquiring agency. This delegation is authorized by 74 O.S. 35.5 [74-35.5] (1971) which provides in part: ". . . The State Board of Public Affairs shall have authority and responsibility to promulgate rules and regulations governing, providing for and describing: "(4) The conditions under which written contracts for such purchases are to be required for the acquisitions affected by this act and the conditions under which such acquisitions may be made on an opinion account basis, subject to restrictions contained in this act, and the conditions and manner of negotiating such contracts; "(6) The conditions under which purchases may be made by state agencies without use of the procedure required hereunder, and the form and manner of requests for such authority from the State Purchasing Director;" The responsibility of the Central Purchasing Division under this policy would be to set forth, in a valid invitation to bid, the terms and conditions of the contract, and the specifications of the commodities. The Central Purchasing Division would be charged with policing the procedure in all respects short of the award of contract. The acquiring agency would be charged with awarding the contract to the lowest and best bidder. So long as each agency performs its function consistent with the requirements of the Central Purchasing Act, the multiple award contract is not inconsistent with the statutory laws of the State of Oklahoma. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The multiple award contract presently used by the State of Oklahoma in the procurement of certain commodities is not, as a matter of law, inconsistent with the statutes of the State of Oklahoma. The Central Purchasing Division is charged with administering the provisions of the purchasing laws and policing the procedure. The acquiring agency is responsible for awarding the contract to the lowest and best bidder. (JOSEPH J. REINKE) (ksg) ** SEE: OKL., 857 P.2d 53 (1993), INDIANA NAT. BANK V. D.H.S. **