The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Is the towel and linen supply industry subject to the Oklahoma Sales Code for the rental of towels, linens and uniforms to the general public? The Oklahoma Sales Tax Code, 68 O.S. 1301 [68-1301] et seq. (1971), provides in pertinent part: 68 O.S. 1302 [68-1302](c): "The term 'sale' is hereby declared to mean the transfer of either the title or possession of tangible personal property for a valuable consideration, regardless of the manner, method, instrumentality or devise by which such transfer is accomplished. The term 'sale' is also declared to include the exchange, barter, lease or rental of tangible personal property where such exchange, barter, lease or rental results in either the transfer of the title or the possession." Emphasis added 68 O.S. 1304 [68-1304](a): "There is hereby levied an excise tax of two percent (2%) upon the gross proceeds or gross receipts derived from all sales to any person of the following: (a) Tangible personal property. ***" The above provision is clear and unambiguous in its declaration that a "sale" includes the rental of tangible personal property. In Ford v. Oklahoma Tax Commission, 285 P.2d 436 (Okla. 1955), the Court in interpreting 68 O.S. 1251 [68-1251](a) (1951), now repealed but identical to 68 O.S. 1302 [68-1302](c) of the present Sales Tax Code, held that transfer of actual physical control and possession of automobiles and trucks to the general public in return for a consideration by way of rent payment was subject to the provisions of the Code. The Court said that "sale" is defined in the statute and unless there is a doubt or an uncertainty of meaning of the language used in defining sale, the statute is to be applied, not interpreted, since the statute speaks for itself. While a definition of "possession" is not included in the statutory definitions provided in the Sales Tax Code, the Court said in Ford v. Oklahoma Tax Commission, supra: "Under all circumstances in its connection with tangible personal property the otherwise unmodified word 'possession' clearly refers to him who has actual physical control of a thing and conveys a clear and definite meaning." In a case similar to facts involved here, Saverio v. Larson, 208 S.W.2d 1018 (Tenn. 1948), a taxpayer operated a laundry and a diaper service whereby she furnished diapers for a rental fee. The question whether the rental of the diapers was taxable under a sales tax act was resolved against the taxpayer, the court holding that the measure of the tax was the gross proceeds of the rental fee paid by the lessee to the lessor without any deduction for service charges for laundering the linen. Where a business rents towels, linens and uniforms to the general public in return for a consideration, the transaction results in the transfer of possession of the towels and linens from the business to the public. Although part of the service provided involves the cleaning and delivery of the merchandise it is the rental of the supplies which is the purpose of the transfer and upon which the tax is levied. Therefore, it is the opinion of the Attorney General that the rental of towels and linens is subject to the Oklahoma Sales Tax Code. (PATRICIA R. DEMPS) (ksg)