**MAZZIO'S CORPORATION (formerly KRS Realty, Inc.), an Oklahoma corporation, Appellant,**

v.

**OKLAHOMA TAX COMMISSION, Appellee.**

**No. 70670.**

Court of Appeals of Oklahoma, Division No. 1.

July 25, 1989.

Rehearing Denied Sept. 8, 1989.

Certiorari Granted For Limited Purpose of Correcting Typographical Errors, Otherwise Denied March 27, 1990.

Kenneth E. Dornblaser and Randy R. Shorb, Tulsa, for appellant.

Joe Mark Elkouri and Tammie T. Lienhard, Oklahoma City, for appellee.

## MEMORANDUM OPINION

MacGUIGAN, Judge:

Appellant (Taxpayer) perfects this appeal from an order of the Appellee Oklahoma Tax Commission (the Commission) which denied Taxpayer's protest and upheld the assessment by the Commission's Franchise Tax Division of additional franchise taxes, interest and penalty on Taxpayer's franchise tax returns for the fiscal years ending in 1984, 1985 and 1986.

Taxpayer conducts certain real estate operations in Oklahoma. Taxpayer filed its franchise tax returns for the years in question, deducting from its capital base that portion of certain mortgages paid within three years of issuance. However, upon review of said returns, and information furnished by Taxpayer at the Commission's request, the Commission determined that said mortgages held by Taxpayer were by their terms maturing and payable more than three years after issuance; therefore, the Commission determined that the entire amount of the mortgages was to be included in Taxpayer's capital base. On this basis, the Commission assessed additional tax, penalty, and interest.

Title 68 O.S.1981 § 1209 defines "capital", in pertinent part, as follows: "... [T]he amount of ... notes ... maturing and payable more than three (3) years after issuance." This three-year provision is used to determine whether a debt is short-term or long-term, with the latter considered "capital" and, as such, part of the franchise tax base.

The record in this matter indicates that from as early as 1963 until 1983, the Commission interpreted § 1209 to require only the amount of debt due and payable more than three years from issuance to be included as capital upon which franchise tax would be imposed, and Taxpayer consistently filed its franchise tax returns on that basis. However, in 1983 the Commission's Franchise Tax Division unilaterally changed its interpretation of § 1209 to include in a taxpayer's capital base the full amount of a debt where any part was due and payable more than three years after issuance. For example, under the historical interpretation of the Commission, a taxpayer who issued an installment obligation on January 1, 1985 of $3600 payable $100 per month beginning on February 1, 1985 with the final payment due and payable on

January 1, 1988 would have none of such indebtedness included within "capital" as all such debt was payable within three years of issuance. However, under the new interpretation of the statute imposed by the Commission, if that same debt required payments beginning February 10, 1985, with the final payment on January 10, 1988, the entire $3600 would be included in capital notwithstanding that all but the last payment of $100 was paid within three years.

This issue was addressed by the Oklahoma Supreme Court in *Oral Roberts University v. Oklahoma Tax Commission,* 714 P.2d 1013 (Okl.1985), in which the Oklahoma Tax Commission determined its previous construction of a tax law exempting sales to religious organizations was in error and Appellant, a denominational educational institution, was required to remit sales tax. The Court held that although an administrative agency generally has the flexibility to correct its own erroneous interpretation of the law, the previous construction is entitled to the "highest respect from the courts, specially [sic] when the administrative construction is definitely settled and uniformly applied for a number of years." 714 P.2d at 1015. The Court then held that the previous administrative construction will not be disturbed unless 1) the tax law in question is subject to more than one construction or interpretation, that is, the previous construction may be considered erroneous, and 2) there exists very cogent reasons for a change in such construction.

The statute in the instant case, 68 O.S. 1981 § 1209(a), is arguably subject to more than one construction or interpretation as the Commission is quite adamant in its contention that its new interpretation is correct while its previous interpretation of identical language is erroneous. The Commission now argues that § 1209(a) defines capital as indebtedness (notes) maturing and payable more than three years after issuance, whereas the previous interpretation, and the language of the statute itself, defines capital as including the amount of notes maturing and payable three (3) years

after issuance, thus supporting Taxpayer's position.

However, the Commission anchors its position on *C & Z, Inc. v. Oklahoma Tax Commission,* 459 P.2d 601 (Okl.1969), in which the Supreme Court, according to the Commission, interpreted § 1209's definition of capital to include installment payments made within three years on a note maturing and payable more than three years after issuance. Taxpayer, on the other hand, takes the position that *C & Z, Inc.* is clearly distinguishable as it stands for the proposition that a note which is payable in installments or, in the alternative, on demand is not a "demand" note for purposes of excluding the entire note from capital.

The Oklahoma Supreme Court was faced with a virtually identical situation in *Peterson v. Oklahoma Tax Commission,* 395 P.2d 388 (Okl.1964). In that case, Appellant Peterson alleged he should be relieved from paying sales tax on leased vehicles because he had paid vehicle excise tax while the Tax Commission contended Peterson was liable for both excise and sales tax. Both parties stipulated that the Commission's long standing construction of the Sales Tax statute and the Motor Vehicle Excise Tax Act interpreted such statutes as allowing payment of excise tax to be in lieu of sales tax where vehicles were leased or rented. However, the Commission argued that a case decided by the Supreme Court ten years previously was dispositive of the issue wherein the Court held that a lease payment on a motor vehicle was in fact subject to sales tax pursuant to 68 O.S. 1951 § 1251a. *Ford v. Oklahoma Tax Commission,* 285 P.2d 436 (Okl.1955). The *Peterson* Court, while acknowleging *Ford* appeared to resolve the issue, distinguished the case by noting that the taxpayer in *Ford* did not specifically plead the precise issue nor offer proof thereon, and the *Ford* Court thus did not specifically consider the sales tax **in lieu of** excise tax issue. The *Peterson* Court then concluded that it should not overturn the Commission's long-continued construction of these tax acts.

This Court finds itself faced with the same situation. In *C & Z, Inc.* the Su-

preme Court addressed the issue of whether taxpayer's note which was designated on taxpayer's corporated return as payable "on demand", but which was actually paid in installments under an alternative provision, was a "demand note" for the purpose of excluding the entire amount from franchise tax liability. The Court in *C & Z, Inc.* resolved the issue as follows:

> The note is not definitely payable in the full amount within less than three years ... We hold here, on the basis of the authority submitted, and for the purpose of considering the order of the Oklahoma Tax Commission [finding the note was payable more than three years after issuance], that the note in controversy is not a "demand note".

459 P.2d at 602.

The authorities to which the *C & Z, Inc.* Court referred, both statutory and case law, had to do solely with the definition of instruments payable on demand. Thus, this Court finds that the issue of the Tax Commission's construction of § 1209 as requiring only the amount of debt due and payable more than three years from issuance to be included as capital upon which franchise tax could be imposed was not before the *C & Z, Inc.* Court and, therefore, the holding in *C & Z, Inc.* does not resolve the issue presented in the instant case.

Even assuming, for the sake of arguement, the Commission's reliance on *C & Z, Inc.* is correct, the Commission advances no cogent reasons for waiting some fourteen years from the time the mandate in *C & Z, Inc.* was spread of record in 1969 until 1983 to declare its own prior construction of the statute erroneous, then assess Taxpayer penalty and interest without notice that its construction of the statute had changed.

Further, the conclusion by the Commission that Taxpayer had not shown an interest under the prior construction and was not harmed by the new construction is unsupported by the record. Taxpayer based its franchise tax returns on the Commission's historical construction of the statute. Taxpayer was not notified of any change in construction until after it prepared franchise tax returns and tendered payment of tax for three years. The Commission, for its part, unilaterally changed its construction of the statute, and not only assessed additional tax against Taxpayer but also penalty and interest. Moreover, as noted by Taxpayer, its business decisions regarding the structuring of long-term versus short-term debt are contingent upon a uniform application of statutory construction. Thus, the Commission's finding that Taxpayer had no interest in the prior construction and was not harmed by a change thereof is not supported by the record. Therefore, the Commission has failed to advance cogent reasons for a change in its construction of the statute in question.

The Commission also argues that its new construction of § 1209(a) is supported by the statute's legislative history, pointing out that in 1985, Senate Bill 206 proposed an amendment to the statute which would have clarified section (a) to support Taxpayer's position, but that the amendment was rejected in committee. We note first that the Commission changed its construction of the statute in 1983, two years prior to the proposed amendment; second, the Administrative Law Judge in its order below found that the arguments of both parties as to the effect of the proposed amendment were inconclusive. We agree with this finding, and in general with the Administrative Law Judge's citation of controlling authority as follows:

> "Absent a clearly expressed legislative intention to the contrary, that language [of a statute itself] must ordinarily be regarded as conclusive." (Emphasis added).

*Consumer Product Safety Commission v. GTE Sylvania*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980).

This general rule, however, is tempered by the Supreme Court's specific ruling in *Peterson v. Oklahoma Tax Commission*, 395 P.2d 388 (Okl.1964). The Court in *Peterson*, in admonishing against overturning a long-continued construction of a statute by a department of government charged with its execution, stated as a rule of law that where the legislature has convened

many times during the period of administrative construction without expressing its disapproval, such silence may be regarded as acquiescence in or approval of the administrative construction. 395 P.2d at 391 (citations omitted). It may be assumed that the legislature is fully cognizant of the situation. See *Peterson*, 395 P.2d at 391. In the instant case, the Commission's long-standing construction of the statute in question has spanned years of legislative sessions in which no action was taken by the legislature expressing disapproval of such construction. Thus, we may impute legislative acquiescence in or approval of the Commission's construction.

The settled law in this state requires that any doubt concerning tax laws be "resolved in favor of the person upon whom the tax burden is sought to be imposed." *C.H. Leavell & Co.*, 450 P.2d 211, 215 (Okl.1968). Thus, even if the Oklahoma Tax Commission's new construction of 68 O.S.1981 § 1209 is the correct one, the Commission has not advanced the requisite cogent reasons for changing its interpretation, and any doubt must be resolved most strongly against the State and in favor of the taxpayer.[1] Therefore, the order denying Taxpayer's protest of assessment of additional franchise tax, penalty and interest must be reversed.

REVERSED.

HUNTER, P.J. concurs.

HANSEN, J. dissents.

---

**1.** See, also, *Rollins v. Heuman*, 171 Okla. 435, 43 P.2d 147, 149 (1935) (that tax statutes to be construed "most strongly" against the State; *Wilson v. State*, 594 P.2d 1210, 1212 (Okl.1979) (ambiguity or doubt as to construction of tax statute must be resolved in favor of taxpayer.)