OSCN Found Document:Question Submitted by: The Honorable Mark McBride, Oklahoma House of Representatives, District 53

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 Question Submitted by: The Honorable Mark McBride, Oklahoma House of Representatives, District 53
2023 OK AG 9
Decided: 06/26/2023
Oklahoma Attorney General Opinions

Cite as: 2023 OK AG 9, __ __

 

¶0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following question:

Does title 62, section 34.70.1 of the Oklahoma Statutes prohibit Oklahoma school districts from making payroll deductions for membership dues in professional organizations?[1]

I.
SUMMARY
¶1 The phrase "collectively bargains on behalf of its membership pursuant to any provision of federal law" in title 62, section 34.70.1 of the Oklahoma Statutes means the organization collectively bargains "according to," or "in conformance with," any provision federal law. So defined, section 34.70.1 does not apply to Oklahoma school districts and their employees that either do not collectively bargain or that do so pursuant to the Oklahoma School Code (the "School Code").[2] Further, the Office of Management and Enterprise Services ("OMES")--the agency historically charged with developing procedures for certain payroll deductions for state employees--has also interpreted section 34.70.1 to not apply to school districts and their employee's voluntary payroll deductions. OMES has continued to permit payroll deductions for professional organizations that have a connection to the state and its interests, including statewide education employee organizations. According to the State Department of Education (the "Department"), such a construction of "pursuant to" leads to a potential conflict between the provisions of the School Code, namely 70 O.S.2021, § 5-139, and 62 O.S.2021, § 34.70.1. These sections are reconcilable, though, each being harmonized and given their effect, as intended. Even if there were an irreconcilable conflict, the provisions of the School Code, which were most recently amended in 2018, prevail under the last-in-time rule. Accordingly, school districts are authorized to make payroll deductions for membership dues in professional organizations that (a) collectively bargain pursuant to state, as opposed to federal, law or (b) do not collectively bargain at all.
II.
BACKGROUND
A. Payroll deductions and labor relations in local school districts.
¶2 Historically, payroll deductions for public school employees have been governed by the School Code, and those for state employees have been pursuant to provisions within title 62 of the Oklahoma Statutes. For public school employees, beginning in 1977, the Legislature placed the following language into the School Code:
School districts shall make payroll deductions for either or both professional organization dues and political contributions at the written request of any school employee and shall transmit deducted funds to the organization designated by the school district employee. Such deductions shall be on a ten-month basis unless otherwise designated by the employee organization.
70 O.S.2021, § 5-139.
¶3 While section 5-139 was amended in 2005 and again in 2018, it has continuously required school districts, upon the voluntary written request of any school district employee, to make payroll deductions for professional organization dues. Id.
¶4 Additionally, since 1971, Oklahoma school districts and their employees have relied on the provisions of 70 O.S.2021, §§ 509.1--509.10 for collective bargaining. 1971 Okla. Sess. Laws c. 325, 1--10. Entitled "Negotiation Between School Employees and Districts" (the "Act"), these sections of the School Code were established for the express purpose of improving negotiations and relations between school employees and their employing school district. 70 O.S.2021, § 509.1. The Oklahoma Supreme Court has interpreted the Act as imposing a legal duty on boards of education and professional educators, as well as granting a "statutory right of professional educators to collectively bargain[.]" Association of Classroom Tchrs. v. Independent Sch. Dist. 89 of Oklahoma Cnty., 1975 OK 118, ¶¶ 9--10, 540 P.2d 1171, 1174.[3] Whether an educator invokes this right is a voluntary decision of the educator.[4] The local board of education must recognize an organization that educators elect to serve as their representative for negotiations. 70 O.S.2021, § 509.2.
B. Payroll deductions for state employees.
¶5 In 1984, the Legislature began requiring state agencies to make voluntary payroll deductions for a state employee who makes such a request. Pursuant to procedures established by the Director of OMES, a state agency is required to make state employee payroll deductions for nine categories of benefits and services, including among others, membership dues for the Oklahoma Public Employees Association or a statewide education association. 62 O.S.2021, § 34.70.
¶6 In 2015, the Oklahoma Legislature enacted, and the Governor signed, House Bill 1749, which is now codified at title 62, section 34.70.1. Section 34.70.1 immediately follows statutes that permit state employee payroll deductions according to OMES's procedures. Under its express terms, section 34.70.1 prohibits a state agency from making payroll deductions on behalf of a state employee for membership dues in any public employee association or organization that collectively bargains pursuant to federal law. In its entirety, the text of section 34.70.1 provides:
A. It shall be unlawful for any state agency to make payroll deductions on behalf of a state employee for membership dues in any public employee association or organization or professional organization that on or after November 1, 2015, collectively bargains on behalf of its membership pursuant to any provision of federal law. 

B. For purposes of this section:

1. "State agency" means any office, officer, bureau, board, counsel, court, commission, institution, unit, division, body or house of the executive or judicial branches of the state government, whether elected or appointed, excluding political subdivisions of the state. State agency shall include public school districts, the Oklahoma State Regents for Higher Education, the institutions, centers, or other constituent agencies of The Oklahoma State System of Higher Education, the State Board of Career and Technology Education, technology center school districts, the State Legislature, and the Office of the Governor; and
2. "Public employee" means an elected or appointed officer or employee or contract employee of a state agency as defined in this section, unless otherwise indicated.
62 O.S.2021, § 34.70.1 (emphasis added).
III.
DISCUSSION
A. The School Code, not title 62, section 34.70.1, governs payroll deductions by school districts on behalf of professional educators who voluntarily request them.

1. Section 34.70.1 permits Oklahoma school districts to honor their employees' payroll deductions for organizations that either do not collectively bargain or do so pursuant to state, not federal law. 

¶7 The cause of this request is that the Department purportedly intends to rely on section 34.70.1 to advance administrative rules prohibiting Oklahoma educators from making voluntary payroll deductions for membership dues in employee labor organizations. According to the Department, the phrase "collectively bargains . . . pursuant to any provision of federal law" in subsection A of section 34.70.1 likely means collectively bargains on the topic(s) of a benefit in federal law. See Memorandum from Bryan Cleveland, General Counsel, Oklahoma Dep't of Educ. to author (May 9, 2023) (on file with author). Therefore, the Department asserts that because Oklahoma educators collectively bargain for some benefits of federal law, such as health insurance and family medical leave, section 34.70.1 prohibits school districts from making any voluntary payroll deductions on behalf of an employee for purposes of the employee being a member of a professional organization. This office respectfully disagrees.
¶8 "The primary goal of statutory construction is to ascertain and to apply the intent of the Legislature that enacted the statute." McIntosh v. Watkins, 2019 OK 6, ¶ 4, 441 P.3d 1094, 1096. It is presumed the intent of the Legislature is expressed in the statutory text, and the Legislature intended what it expressed. Signature Leasing, LLC v. Buyer's Grp., LLC, 2020 OK 50, ¶ 18, 466 P.3d 544, 549.
¶9 Only when a statute's meaning is ambiguous or unclear are rules of statutory construction invoked. Estes v. ConocoPhillips Co., 2008 OK 21, ¶ 16, 184 P.3d 518, 525. Jobe v. State ex rel. Dep't of Pub. Safety, 2010 OK 50, ¶ 13, 243 P.3d 1171, 1175.
¶10 The term "pursuant to" is a prepositional phrase meaning "in conformance to or in agreement with; or according to a standard." Fabian & Assocs., P.C., v. State, ex rel., Dep't. of Public Safety, 2004 OK 67, ¶ 18 n.4, 100 P.3d 703, 706--7 n.4; World Publ'g Co. v. White, 2001 OK 48, ¶ 11 n.21, 32 P.3d 835, 842 n.21; In re L.D.B., 2008 OK CIV APP 73, ¶ 12, 191 P.3d 633, 635. In Fabian, the court addressed whether tape recordings of hearings on driver's license revocation proceedings were "records" for purposes of the Records Management Act.[5] Because the recordings were authorized by statute, the court concluded that they were made pursuant to law and therefore within the Records Management Act's definition of "record." Fabian, 2004 OK 67 ¶ 18, 100 P.3d at 706--7. Like the Oklahoma Supreme Court, the Tenth Circuit Court of Appeals has interpreted "pursuant to" as meaning "as authorized by; under[.]" Fruitt v. Astrue, 604 F.3d 1217, 1220 (10th Cir. 2010). Applying these constructions of "pursuant to" in the context of section 34.70.1, the prohibition on payroll deductions is only effective as to deductions for membership in an organization that collectively bargains according to, or in conformance with, federal law. If the organization collectively bargains pursuant to an authorization in state law only, or if the organization does not collectively bargain at all on behalf of its members, section 34.70.1 does not apply.
¶11 The Department contends that this interpretation renders section 34.70.1 meaningless, which it argues is forbidden by Oklahoma canons of statutory construction. See Memorandum from Bryan Cleveland, General Counsel, Oklahoma Dep't of Educ. to author (May 9, 2023) (on file with author). Again, "pursuant to any provision of federal law" is sufficiently clear under Oklahoma Supreme Court and the Tenth Circuit precedent that it is inappropriate to retreat to general canons of statutory construction. Jobe, 2010 OK 50, ¶ 13, 243 P.3d at 1175. Nevertheless, the Department's position is accordingly addressed. Employing one canon of construction, statutes should be interpreted, when possible, to render every word operative, rather than make some words idle and meaningless. Estes, 2008 OK 21, ¶ 16, 184 P.3d at 525. As detailed below, construing "pursuant to any provision of federal law" as in accordance or as authorized by federal law, does not render section 34.70.1 meaningless.
¶12 To begin, section 34.70.1 is closely connected to the state employee payroll deduction authorizations in title 62, section 34.70, each of which are part of the State Finance Act (62 O.S.2021, §§ 34--34.501). Within section 34.70, OMES is directed to establish procedures for payroll deductions on behalf of state employees. The purposes or entities that state employee payroll deductions may be sent to include the following:
1. any credit union, bank or savings association having an office in this state;
2. insurance organizations with a minimum participation of state employees;
3. membership dues in the Oklahoma Public Employees Association;
4. insurance premiums due a private insurance organization, so long as the organization is regulated by the State Insurance Commission;
5. subscription to the Oklahoma Today magazine; or
6. Membership dues for a statewide educational employee organization or association.
62 O.S.2021, § 34.70.
¶13 Each of these authorized purposes or entities relate to the State of Oklahoma, whether by physical presence or regulation. Viewed as a whole, the intent of the statutory scheme is clear. Whereas section 34.70 permits payroll deductions for purposes or organizations that relate to the State of Oklahoma or its employees, section 34.70.1 was enacted to expressly forbid payroll deductions going out of the state for membership dues in organizations that collectively bargain pursuant to a provision of federal law. For example, the Fraternal Order of Police, Federal Education Association and National Nurses United collectively bargain pursuant to federal laws, namely those at title 5, sections U.S.C. §§ 7101--7154 of the United States Code. See OFF. OF PERS. MGMT., COLLECTIVE BARGAINING AGREEMENTS, https://www.opm.gov/policy-data-oversight/labor-management-relations/collective-bargaining-agreements/ (last visited June 26, 2023); 5 U.S.C. §§ 7101--54. Accordingly, section 34.70.1 prohibits a state agency from making a payroll deduction on behalf of a state employee for membership dues to the national Fraternal Order of Police, Federal Education Association or National Nurses United for purposes of their collective bargaining pursuant to federal law. Stated otherwise, however, section 34.70.1 does not prohibit dues to an organization, or a local affiliate thereof, if either of the following are true: 1) the organization does not collectively bargain; or 2) if it does collectively bargain, that it is done pursuant to state or local law. Its terms being applicable, then, section 34.70.1 is not rendered meaningless by this office's interpretation of "pursuant to."
¶14 Finally, it should be noted that schools and educators have relied upon the Oklahoma School Code for decades for a framework to negotiate on wages, hours, fringe benefits and other terms and conditions of employment. It would be curious indeed for the Legislature to mark such a transformation in the School Code and the negotiations within local school districts through a definition in an entirely different title--62 O.S.2021, § 34.70.1--that, by its terms, is limited to the operation of a single section of one statute. As the United States Supreme Court has observed, a legislature "does not alter fundamental details of a regulatory scheme in vague terms or ancillary provisions--it does not, one might say, hide elephants in mouseholes." Whitman v. American Trucking Ass'ns, 531 U.S. 457, 468 (2001). Thus, considering the foregoing, the proper reading of 62 O.S.2021, § 34.70.1 is that it does not alter the longstanding role of the local school districts with their employees, including payroll deductions their employees may request.

2. OMES, as the agency charged with developing procedures relating to "state employee" payroll deductions pursuant to title 62, section 34.70, has interpreted section 34.70.1 as not applicable to local school districts' payroll deductions on behalf of district employees.

¶15 Longstanding Oklahoma law charges the Director of OMES with establishing procedures governing state agency payroll deductions on behalf of requesting state employees. 62 O.S.2021, § 34.70. As discussed above, the enactment of section 34.70.1 in 2015 led some to believe--as the Department does now--that OMES is responsible for establishing procedures governing payroll deductions for public school district employees. As such, some school district employees and professional organizations filed a lawsuit after the enactment of section 34.70.1, seeking, in part, a declaration as to the impact of the new law. Specifically, the plaintiffs named the Director of OMES as a defendant and questioned whether OMES interpreted section 34.70.1 as applying to public school districts and their employees. In response, and ever since, OMES has declined such an interpretation and application of section 34.70.1. In fact, OMES entered a stipulated and agreed Declaratory Judgment, providing in part as follows:
1. OMES does not believe, and will not assert, that section 34.70.1 makes it responsible for the administration of payroll deductions for employees of school districts.
2. OMES does not believe that section 34.70.1 imposes on it any legal duty to manage payroll deductions for local school districts and their employees.
3. OMES will not, pursuant to section 34.70.1, propose or promulgate rules or procedures to govern the management of payroll deductions made by local school districts.
4. The provisions of title 62, section 34.70.1 do not make OMES responsible for establishing procedure for or administration of payroll deductions for employees of local school districts.
AFT Okla. v. Independent Sch. Dist. No. 89 of Oklahoma Cnty., No. CV-15-1505 (Dist. Ct. Okla. Cnty., Okla.); Stipulation of Facts and Agreed Declaratory Judgment, at 2, ¶ 1 (Sept. 20, 2018); Stipulation of Facts and Agreed Declaratory Judgment, at 2, ¶¶ 6--8 (Dec. 18, 2015).
¶16 The Oklahoma Supreme Court has previously deferred to the interpretation of a statute by the agency charged with its administration, particularly "when the administrative construction is definitely settled and uniformly applied for a number of years." Oral Roberts Univ. v. Oklahoma Tax Comm'n, 1985 OK 97, ¶ 9, 714 P.2d 1013, 1015. Further, the Court has stated:
The long-continued construction of a statute by a department of government charged with its execution is entitled to great weight and should not be overturned without cogent reasons; and where the legislature has convened many times during this period of administrative construction without expressing its disapproval, such silence may be regarded as acquiescence in or approval of the administrative construction.
Peterson v. Oklahoma Tax Comm'n, 1964 OK 78, ¶ 16, 395 P.2d 388, 391. When it is the case that the legislature has not expressed its disapproval by amending the statute, "the administrative construction will not be disturbed except for very cogent reasons, provided that the construction so given was reasonable." Oral Roberts Univ., 1985 OK 97, ¶ 9, 714 P.2d at 1015.
¶17 Since the passage of section 34.70.1 in 2015, OMES--the state agency historically charged developing procedures for voluntary payroll deductions for state employees--has consistently applied its interpretation of section 34.70.1. Under its interpretation, OMES has established that it will not develop procedures, propose rules, or otherwise involve itself in payroll deductions for employees of local school districts.[6] This construction is reasonable given the state's long-recognized emphasis on local participation and control of public schools. Ritter v. State, 2022 OK 73, ¶ 17, 520 P.3d 370, 380. Therefore, OMES's interpretation controls and section 34.70.1 is not applicable to payroll deductions for local school district employees.

3. Neither title 62, section 34.70.1 nor title 70, section 5-139 repeal the other.

¶18 Even though this office, OMES, and courts have constructed "pursuant to" in a manner that is dispositive of the question presented, the Department has a contrary interpretation of the phrase. According to the Department, "pursuant to" means "in pursuit of" or on the topic of a benefit in federal law. This construction leads to a potential conflict with provisions of the School Code. If the Department's contention were true, 70 O.S.2021, § 5-139 would require payroll deductions by school districts for professional organization that collectively bargain for health or family leave benefits, and 62 O.S.2021, § 34.70.1 would forbid them. Thus, a question arises: did section 34.70.1 or title 70, section 5-139, expressly or impliedly, repeal the provisions of the other?
¶19 By their own terms, neither 62 O.S.2021, § 34.70.1 nor provisions of section 5-139 expressly repeal the other. Repeals by implication, in turn, are not favored and all statutory provisions must be given effect if possible. Oklahoma Call for Reprod. Just. v. Drummond, 2023 OK 24, ¶ 14, 526 P.3d 1123, 1132. In fact, nothing short of irreconcilable conflict between statutes effectuates a repeal by implication. Id. Further, "similarity of statutes will not alone supply a valid reason to declare" one of them repealed. City of Sand Springs v. Department of Pub. Welfare, 1980 OK 36, ¶ 28, 608 P.2d 1139, 1152. Here, there are notable differences between the two statutory provisions such that they are reconcilable, and no implicit repeal has occurred.
¶20 As noted above, section 34.70.1 applies only to instances involving a professional organization that collectively bargains pursuant to federal law. It was enacted to expressly forbid payroll deductions going out of the state for membership dues in organizations that collectively bargain pursuant to a provision of federal law. Neither the provisions of the Act nor those in 70 O.S.2021, § 5-139 contain such a limitation or prohibition. Additionally, section 34.70.1 limits payroll deductions for professional organizations that bargain under an authorization in federal law after November 1, 2015. In contrast, 70 O.S.2021, § 5-139 is without a limitation in time. Further, section 5-139 requires school districts to make payroll deductions on behalf of employees of the district. School districts are constitutionally and statutorily defined to be political subdivisions, separate and apart from the State or a state agency, such as OMES. OKLA. CONST. art. X, §§ 10, 26; 51 O.S.2021, § 152. In contrast, section 34.70.1 is closely connected to the authorizations in 62 O.S.2021, § 34.70 directing OMES to administer various payroll deductions on behalf of employees of the State of Oklahoma. As detailed herein, OMES has developed procedures for payroll deductions pursuant to section 34.70, but those do not involve or pertain in any way to payroll deductions for school district employees. Instead, consistent with the purposes and intent of the School Code, payroll deductions for school district employees remain at the local level, between the school district and the employee. Ritter, 2022 OK 73, ¶ 17, 520 P.3d at 380. Accordingly, the two statutory schemes are reconcilable and neither one repeals the other.
¶21 It is, therefore, the official Opinion of the Attorney General that:

1. The use of "collectively bargains on behalf of its membership 'pursuant to' any provision of federal law" in title 62, section 34.70.1 of the Oklahoma Statutes means that the organization collectively bargains in accordance with, or under an authorization in, federal law.
2. OMES, as the agency charged with developing procedures relating to "state employee" payroll deductions pursuant to title 62, section 34.70, has interpreted section 34.70.1 to not apply to local school districts' payroll deductions on behalf of district employees. This interpretation controls. 
3. Title 62, section 34.70.1 and the School Code do not expressly or implicitly repeal each other, as they are reconcilable and can be harmonized to give their effect, as intended. 

Accordingly, title 62, section 34.70.1 does not prohibit public school districts from making payroll deductions for membership dues in professional organizations that either do not collectively bargain or that collectively bargain pursuant to state or local law.
GENTNER DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA
BRAD CLARK
DEPUTY ATTORNEY GENERAL
FOOTNOTES
[1] Subsequent to your request, on May 10, 2023, State Superintendent of Public Instruction Ryan Walters submitted a request for an Attorney General Opinion on legal questions substantially similar to those in your request. As such, a copy of this opinion is also being provided to the State Superintendent in answer to his questions.
[2] Title 70 of the Oklahoma Statutes. For purposes of construing any portion of the School Code, the Legislature has established that "[i]f any section or part of the Oklahoma School Code is found to be ambiguous or otherwise subject to more than one interpretation, such section shall be liberally construed to the extent that the general purpose of the entire Code and of public education may be advanced." 70 O.S.2021, § 1-103.
[3] Like collective bargaining statutes applicable to school districts and public school district employees, Oklahoma laws provide measures conferring collective bargaining rights to various classifications of public employees, including firefighters and police officers, and full-time firefighters in Rural Fire Protection Districts. 11 O.S.2021, § 51-103; 19 O.S.2021, § 901.30-2.
[4] Article XXIII, section 1A(B)(3) of the Oklahoma Constitution expressly forbids a requirement that, as a condition to employment, a person be required to pay assessments, dues, fees or other charges to a labor organization. Okla. Const. art. XXII, § 1A(B)(3). Additionally, the Act provides that any person who desires not to be represented by a labor organization may choose not to. 70 O.S.2021, § 509.2(A).
[5] 67 O.S.2021, § 203.
[6] OMES has not publicly shared its interpretation of section 34.70.1 in non-school district contexts. However, publicly available information reveals that OMES permits state employees to have voluntary payroll deductions to more than thirty-five organizations, including the Oklahoma Education Association, Oklahoma State Troopers Association, the Oklahoma State Workers Union, and the Oklahoma Corrections Professionals Association. OMES, https://oklahoma.gov/omes/services/employee-benefits/voluntary-payroll-deduction.html (last modified May 2, 2023).

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2008 OK CIV APP 73, 191 P.3d 633, 
IN THE MATTER OF L.D.B.
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2001 OK 48, 32 P.3d 835, 72 OBJ 1797, 
WORLD PUBLISHING CO. v. WHITE
Discussed

 
1964 OK 78, 395 P.2d 388, 
PETERSON v. OKLAHOMA TAX COMMISSION
Discussed

 
2004 OK 67, 100 P.3d 703, 
FABIAN & ASSOCIATES, P.C. v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed at Length

 
2008 OK 21, 184 P.3d 518, 
ESTES v. CONOCOPHILLIPS CO.
Discussed at Length

 
2010 OK 50, 243 P.3d 1171, 
JOBE v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed at Length

 
1975 OK 118, 540 P.2d 1171, 
ASSOCIATION OF CLASS. TEACH. v. INDEP. S.D. #89
Discussed

 
1980 OK 36, 608 P.2d 1139, 
City of Sand Springs v. Department of Public Welfare
Discussed

 
2019 OK 6, 441 P.3d 1094, 
MCINTOSH v. WATKINS
Discussed

 
2020 OK 50, 466 P.3d 544, 
SIGNATURE LEASING LLC v. BUYER'S GROUP LLC
Discussed

 
2022 OK 73, 520 P.3d 370, 
RITTER v. STATE
Discussed at Length

 
2023 OK 24, 526 P.3d 1123, 
OKLAHOMA CALL FOR REPRODUCTIVE JUSTICE v. DRUMMOND
Discussed

 
1985 OK 97, 714 P.2d 1013, 56 OBJ 2777, 
Oral Roberts University v. Oklahoma Tax Com'n
Discussed at Length

Title 11. Cities and Towns

 
Cite
Name
Level

 
11 O.S. 51-103, 
Collective Bargaining Rights - Bargaining Agent - Elections
Cited

Title 19. Counties and County Officers

 
Cite
Name
Level

 
19 O.S. 901.30-2, 
Collective Bargaining
Cited

Title 51. Officers

 
Cite
Name
Level

 
51 O.S. 152, 
Definitions
Cited

Title 62. Public Finance

 
Cite
Name
Level

 
62 O.S. 34, 
Short Title
Cited

 
62 O.S. 34.70, 
Payroll Deductions
Discussed at Length

 
62 O.S. 34.70.1, 
Prohibition Against State Agency Payroll Deductions for Membership Dues for Certain Public Employee Associations
Discussed at Length

Title 67. Records

 
Cite
Name
Level

 
67 O.S. 203, 
Definitions
Cited

Title 70. Schools

 
Cite
Name
Level

 
70 O.S. 1-103, 
Act to be Liberally Construed
Cited

 
70 O.S. 5-139, 
Professional Organization Dues and Political Contributions of Employees - Payroll Deductions - Written Request - No Other Conditions or Requirements
Discussed at Length

 
70 O.S. 509.1, 
Purpose of Act
Discussed

 
70 O.S. 509.2, 
Employee Organizations - Recognition - Appropriate Unit - Qualifications - Bargaining Representatives - Persons Desiring Not to be Represented
Discussed