**Jack DUNN, d/b/a Dunn's Fish Farm, Appellant,**

v.

**STATE of Oklahoma, ex rel. OKLAHOMA TAX COMMISSION, Appellee.**

**No. 72972.**

Court of Appeals of Oklahoma, Division No. 1.

Jan. 22, 1991.

Marjorie Patmon, Oklahoma City, for appellant.

Joe Mark Elkouri, Gen. Counsel and Marjorie Welch, Asst. Gen. Counsel, Oklahoma Tax Com'n, Oklahoma City, for appellee.

## MEMORANDUM OPINION

BAILEY, Judge:

Appellant Jack Dunn, d/b/a Dunn's Fish Farm, (Dunn or Appellant) seeks review of an order of the Appellee Oklahoma Tax Commission sitting *en banc* (OTC or Appellee) denying Dunn's Motion to Quash/Modify a subpoena duces tecum issued by OTC. Herein, Dunn asserts (1) OTC's request for production of documents was improper and unauthorized by law, and (2) OTC's audit of Dunn's tax records represents an attempt by OTC to illegally and improperly expand and retroactively apply Oklahoma tax law. The record on appeal contains no statement of the underlying facts, and we gleen the following from the parties' appellate briefs.

Beginning in 1974, Dunn operated a fish farm, in the operation of which, Dunn hatched catfish eggs and raised the catfish to fingerling size. Dunn asserts that when the catfish reached fingerling size, Dunn then offered the fish at wholesale to other fish farmers, who in turn, raised the fish to maturity for subsequent commercial retail sale. Dunn asserts that no one ever notified him that the sale of fingerlings to other fish farmers constituted a taxable sale, and Dunn never obtained a sales tax permit for his fish farming business.

Dunn also asserts that over the years, he also developed a turtle trap to protect his fish, and that he subsequently formed Dunn Manufacturing Company for the construction and sale of the traps to others, and for which, Dunn obtained a Sales Tax permit. OTC asserts that in October, 1988, OTC received information from one or more of Dunn's fish purchasers, and through field observation, that at least some of Dunn's purchasers were not commercial purchasers and that Dunn collected no sales tax on the sales of his fingerling fish. Thereafter, OTC issued a notice of audit to Dunn Manufacturing Company.

In mid-November, 1988, OTC conducted the audit of Dunn Manufacturing. During that audit, OTC requested production of records of Dunn's fish farming operation, ostensibly to obtain leads to other taxpayers, but Dunn refused to produce those records. OTC then issued a subpoena duces tecum, seeking to compel production of the requested documents. Dunn moved to quash and/or modify the subpoena, asserting that Dunn had provided all requested records relevant to the audit of the manufacturing company, that the fish farm records were not relevant to the audit of the manufacturing company, that Dunn was under no obligation to assist OTC in obtaining leads to other taxpayers, that

Dunn did not maintain any of the records for his fish farming operation that OTC sought, and, at any rate, that the records OTC sought were not relevant to a sales tax audit. After argument before the OTC, and although Dunn asserts that the OTC "mischaracterized" his position and otherwise "failed to address the issue raised," the OTC found:

> Taxpayer contends that no audit, examination or investigation of the books and records of this Taxpayer may be made unless it is shown that Taxpayer will ultimately owe tax. This is clearly not required by [68 O.S.1981] Section 206.
>
> ... [T]he Motion to Quash or Modify Subpoena Duces Tecum of Jack Dunn, d/b/a Dunn's Fish Farm is hereby modified only to extent that ... Dunn need not provide payroll journals ... [as] stated in the Division's subpoena. In all other respects, ... Dunn's Motion to Quash or Modify Subpoena Duces Tecum is hereby denied.

■ Dunn appeals as aforesaid. OTC argues that Dunn is not an "aggrieved party" entitled to appeal, and that Dunn's appeal should therefore be dismissed. We go no farther than to say, in our opinion and under the facts and circumstances of this particular case, that Dunn is, in fact, sufficiently "aggrieved" by the order of the OTC denying his motion to quash so as to statutorily permit Dunn to appeal therefrom. 68 O.S.1981 § 225(f).

■ In that regard, the duty of a "taxpayer" to provide documents on request of the OTC, and/or the subpoena power of OTC to compel production of documents is statutory. 68 O.S. §§ 103, 206. Failure of a "taxpayer" or other custodian of a "taxpayer's" records to produce documentation as requested by the OTC is punishable as a criminal offense. 68 O.S. § 243. Thus, argues Dunn, because his fish farming business is akin to sales of agricultural products exempt from sales taxation, that his fish sales do not, therefore, involve a taxable transaction, that Dunn is neither a "taxpayer" liable for payment of sales tax, nor a "tax remitter" required to collect, report and/or remit sales tax, and that

therefore the OTC's subpoena is without legal basis. 68 O.S. §§ 1352, 1358, 1361, 1362, 1365.

We disagree. Notwithstanding the paucity of the appellate record herein, it appears that OTC established the "sale" to "consumers," either at retail or "for resale," by Dunn as a "vendor," of "tangible personal property," as those terms are defined in Title 68, so as to constitute taxable sales, of which, sales tax reports and/or reports of sales for resale must be kept and provided to OTC on request therefor. 68 O.S. §§ 1352(C), (L), (M), (Q), (R), 1361, 1365. Further, and notwithstanding the availability of criminal sanctions for failure to produce such records under 68 O.S. § 243, we find 68 O.S. §§ 103 and 206 sufficiently broad to permit OTC to compel production of such records by subpoena. The requested documents appear necessary and adequately related to OTC's duties to oversee the collection and accounting of tax receipts held in trust by vendor-tax remitters as trustees for the state so as to justify compelling production thereof, and we find no abuse of discretion by the OTC in denying Dunn's motion to quash. Whether OTC has, in the past, treated sales from Dunn's fish farming operation as involving non-taxable transfer, and whether, therefore, Dunn may properly assert that OTC should be estopped from now treating Dunn's fish sales differently, we believe, is a matter that need not be addressed unless or until OTC determines Dunn's liability for sales tax not collected, and does not affect the propriety of OTC's subpoena compelling production of records. *See, e.g., Mazzio's Corp. v. Oklahoma Tax Commission,* 789 P.2d 632 (Okl.App.1989); *Oral Roberts University v. Oklahoma Tax Commission,* 714 P.2d 1013 (Okl.1985).

The order of the Oklahoma Tax Commission sitting *en banc* denying Dunn's motion to quash is therefore AFFIRMED.

ADAMS, P.J., concurs.

MacGUIGAN, J., not participating.