**Jackie C. DUNN, d/b/a Dunn's Fish Farm, Appellant,**

v.

**STATE of Oklahoma, ex rel. the OKLAHOMA TAX COMMISSION, Appellee.**

**No. 79536.**

Court of Appeals of Oklahoma,
Division No. 1.

May 25, 1993.

Rehearing Denied Aug. 17, 1993.

Certiorari Denied Oct. 19, 1993.

Released for Publication by Order of the Supreme Court Oct. 19, 1993.

Marjorie Patmon, Oklahoma City, for appellant.

David Hudson and Marjorie L. Welch, Oklahoma Tax Com'n, Oklahoma City, for appellee.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

Jackie C. Dunn appeals from an order of the Oklahoma Tax Commission (OTC) which concludes sales tax was due the State of Oklahoma because of sales of fish fingerlings by Dunn's fish spawning operations. Dunn argues OTC was estopped from claiming those sales were taxable and that application of the sales tax code to his operation violates his rights to due process and equal protection.

Dunn started a fish spawning operation in 1974. He hatched fish eggs and then sold fingerlings which were to be grown to edible size by the purchaser. All sales were made by one of three methods: (1) directly from his fish farm; (2) by delivery of fingerlings to a purchaser's pond; or (3) by delivery to feed stores. Dunn paid the feed stores a commission for each fish fingerling sold. Sales were made out of state and in state.

Dunn discovered turtles were interfering with his business, so he developed a turtle trap. In 1988, Dunn applied for and received a sales tax permit for a manufacturing business he developed to market the turtle traps. Later that year, OTC audited the manufacturing operations. While on the premises, the OTC auditor asked to examine records for the fish spawning operations, and Dunn refused. OTC issued a subpoena duces tecum for the records, and Dunn moved to quash that subpoena. When OTC denied the motion, he appealed. In *Dunn v. State, ex rel. Oklahoma Tax Commission*, 805 P.2d 125 (Okla.App. 1991), this Court affirmed OTC's right to subpoena the records, but left for later determination whether the sales were taxable.

Ultimately, OTC issued an assessment for the spawning operations for the period July 1, 1984 through July 1, 1989 based, at least in part, on Dunn's income tax records. Dunn protested the assessment, and a hearing was held. An administrative law judge (ALJ) found Dunn had established that some of his sales were non-taxable because made out of state, and also found that because no returns had been filed for the spawning operations, no portion of the assessment was time barred, citing 68 O.S. 1991 § 223(c). The ALJ also concluded Dunn had not demonstrated the assessment was contrary to any long-established administrative interpretation. The ALJ recommended the assessment be reduced to exclude the out-of-state sales shown by Dunn but that otherwise the assessment be upheld. OTC adopted the ALJ's Findings, Conclusions and Recommendations, and this appeal followed.

 Before OTC, and on appeal, Dunn argues OTC may not now claim his sales of fish fingerlings are subject to sales tax because OTC had a "firmly entrenched" prior policy "to consider these activities as not taxable." Although an administrative construction of an uncertain and ambiguous statute will not be disturbed except for very cogent reasons, especially when that construction is definitely settled and been uniformly applied for several years, *Oral Roberts University v. Oklahoma Tax Commission*, 714 P.2d 1013 (Okla.1985), application of that rule requires the existence of an administrative policy. Other than arguing that OTC had never taxed him for these activities before, Dunn presented no evidence of any administratively adopted interpretation of the sales tax statutes which excluded these sales.

 The reason behind the rule recognized in *Oral Roberts*, i.e., deference to administrative expertise in interpretation of a statute dealing with an area within agency jurisdiction, presupposes the exercise of the agency's expertise to make an interpretation. This record is void of any indication

of that exercise. Mere failure to take steps to collect tax on these sales is not equivalent to a administrative policy. OTC was not estopped from claiming these sales were taxable.

Dunn also argues he is not responsible for collecting and remitting sales taxes because he does not sell his product to an end user or consumer. Dunn claims OTC has no rational basis for exempting others similarly situated, while taxing him. Under 68 O.S.1991 § 1357, sales for resale, are exempt from sales tax. He argues he likewise sells for resale and that taxing his operations results in unequal treatment and violates the due process guarantee of the United States Constitution and the equal protection guarantee of the Oklahoma Constitution.

For exemption under § 1357, those who sell for resale must sell to persons who are in the business of reselling the purchased items and who have a sales tax permit. Records of such transactions are required to be kept within Oklahoma for a period of at least three years. 68 O.S.1991 § 1365(C). Dunn should have maintained exemption records because, as 68 O.S.1991 § 1365(C) advises:

> It shall also be the duty of every person who makes sales for resale to keep records of such sales which shall be subject to examination by the Tax Commission or any authorized employee thereof while engaged in checking or auditing the records of any person required to make a report under this article.

That is precisely what has occurred here. While on the premises to check records on another of Dunn's businesses, one for which he had a sales tax permit, an OTC employee asked to see the records of Dunn's spawning operation. At hearing there was evidence that though Dunn maintained records for income tax purposes, his business did not maintain the records designed to establish an exemption under § 1357.

■ The burden of proving a sale was not a taxable sale is on the person who made the sale. 68 O.S.1991 § 1365(C). Under 68 O.S.1991 § 1365(D), purchasers for resale must provide Dunn with a sales tax permit number and a certificate stating the purchaser is engaged in the business of reselling the articles purchased. Likewise, if a sale is made to an agricultural purchaser, the purchaser must supply Dunn proof of exemption. 68 O.S.1991 § 1358.1.

■ No constitutional infringement occurs when Dunn's operations are subjected to sales tax statutes. His ignorance of his obligation is not an excuse, nor is he being subjected to unequal treatment under § 1357. OTC is treating Dunn no differently than any other seller of tangible personal property who fails to keep the records required in order to claim the "resale" or "agricultural" exemption. Dunn's problem arises not from unequal application of the law, but his own failure to keep records sufficient to prove he falls within the exemptions he claims.

OTC correctly concluded that Dunn's sales of fish fingerlings were subject to sales tax unless the records he produced demonstrated the sales were exempt. Dunn has not demonstrated any error in the OTC order, and it is affirmed.

AFFIRMED.

GARRETT and JONES, JJ., concur.